J-A14011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CAPRICE DENNISON, | |
| Appellant | No. 1762 MDA 2014 |

Appeal from the Judgment of Sentence Entered September 9, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002361-2012

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 24, 2015**

Appellant, Caprice Dennison, appeals from the judgment of sentence of  ten (10) to twenty (20) years' imprisonment, imposed after she was convicted of involuntary deviate sexual intercourse, unlawful contact with a minor, and dissemination of obscene material to minors.  Appellant alleges the verdict is against the weight of the evidence and challenges the mandatory minimum sentence of ten (10) years' imprisonment as unconstitutional.  After careful review, we conclude that the weight of the evidence claim is without merit, but we remand for resentencing.

The trial court set forth the facts of this case in the following portion of its Rule 1925(a) opinion:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[A.J.], the victim in this case, testified at the bench trial. [A.J.] averred that [Appellant] was a friend of his mother's and he had known her his whole life. There were occasions when [Appellant] would babysit for [A.J.] and his younger sister. The last time [Appellant] watched them overnight was when [A.J.] was fourteen (14) years old. When [A.J.'s] mom dropped them off at [Appellant's] apartment building that evening, [Appellant] was not home yet. When [Appellant] returned, [A.J.] was upstairs in the loft area, while his sister was downstairs watching television. [A.J.'s] sister fell asleep on the couch, and [A.J.] testified that he was watching TV in the loft area and [Appellant] had come upstairs and was on the computer. When asked what [Appellant] was doing on the computer, [A.J.] said that she was watching inappropriate videos, namely, pornography.

[Appellant] told [A.J.] that the computer was acting weird/slow, so [A.J.] changed the browser for her. Afterwards, [Appellant] had [A.J.] go to certain websites featuring male-on-male pornography. [A.J.] testified that he would pull up the websites as asked, then would look towards the television instead of the computer. [Appellant] then asked [A.J.] if he could do some of the things portrayed in the videos, like masturbation. She asked him to go downstairs and get a video out of a DVD player, which [A.J.] did. The DVD was more male-on-male pornography. At [Appellant's] request, [A.J.] began to masturbate while on a futon. [Appellant] began to touch [A.J.'s] penis and proceeded to put her mouth on it. Afterwards, [Appellant] got on top of [A.J.] and started grinding, wearing only a T-shirt and underwear. At that point, [Appellant] asked [A.J.] if he wanted a toy. [A.J.] asked what she meant by that and [Appellant] told him to go downstairs in her drawer, get the toy, and bring Vaseline. [A.J.] did as he was told and discovered the toy was a large, fake penis. [Appellant] asked [A.J.] to put the Vaseline on the toy and told him to lay down. [Appellant] placed the toy inside of [A.J.'s] anus. [A.J.] did not recall exactly how long the object was inside of him, but [Appellant] eventually asked if he wanted her to stop, and [A.J.] said yes. [A.J.] testified that [Appellant] told him that once he ejaculated, he could go to bed. [A.J.] could not. More videos were shown, and [Appellant] also had [A.J.] lick her breast. [Appellant] eventually told [A.J.] that he could go to bed. She told him that what had transpired should be kept quiet and that it was private.

[A.J.] testified that he took a shower and estimated that it was now close to 3:00 or 4:00 in the morning. [A.J.] went

upstairs afterwards, called his mother, told her what happened, and asked her to please come pick him up. [A.J.] packed up his belongings, woke his sister, took the cushions from the futon, and left. It was 5:00 a.m. He ran to his mom's car and put the cushions in the truck, as he thought they could be used for evidence. [A.J.'s] mother had already called the police.

… [A.J.'s] mother, confirmed that her son called her that morning, "frantic, upset, told me something happened. He said [Appellant] … did things to him and I needed to come get him right away." "He sounded scared, shaking, nervous. He was talking fast. I knew something was wrong."

[Appellant] testified at the bench trial and denied any wrongdoing, and denied owning the toy described by [A.J.]. The defense also called character witnesses on [Appellant's] behalf.

Trial Court Opinion (TCO), dated 3/3/15, at 3-5 (citations omitted).

At the conclusion of the bench trial, Appellant was found guilty of all charges and was sentenced on September 9, 2014, as follows: Count 1 - involuntary deviate sexual intercourse (18 Pa.C.S. § 3123(a)(7)) - ten (10) to twenty (20) years' imprisonment; Count 2 - involuntary deviate sexual intercourse (18 Pa.C.S. § 3123(a)(7)) - ten (10) to twenty (20) years' imprisonment (concurrent with Count 1); Count 3 - involuntary deviate sexual intercourse (18 Pa.C.S. § 3123(a)(7)) – no further sentence; Count 4 - unlawful contact with a minor (18 Pa.C.S. § 6318(a)(1)) – sixty (60) months' probation (consecutive to Count 1); Count 5 - corruption of minors (18 Pa.C.S. § 6301(1)(ii)) – sixty (60) months' probation (concurrent with Count 4); and Count 6 - dissemination of obscene material to minors (18 Pa.C.S. § 5903(c)(1)) – sixty (60) months' probation (concurrent with Count 4). TCO, at 1.

On September 18, 2014, Appellant filed a post-sentence motion, preserving her weight of the evidence claim; however, said motion was denied. On October 17, 2014, Appellant filed a notice of appeal, followed by a timely 1925(b) Statement of Errors Complained of on Appeal. Appellant now presents the following issues for our review:

I.      Whether the trial court illegally sentenced Appellant to a mandatory minimum sentence of ten (10) years' imprisonment for indecent assault of a child under sixteen years pursuant to 42 Pa.C.S. § 9718(a)(1) where the statute at issue – 42 Pa. C.S. § 9718 – is unconstitutional as a whole since it violates Appellant's right to a jury trial under Article I, Section IX of the Pennsylvania Constitution and the Sixth Amendment to the United States Constitution?

II.     Whether the trial court erred in denying Appellant's Post-Sentence Motion where the verdict was against the weight of the evidence so as to shock one's sense of justice where Appellant was never shown to have engaged in the acts which constitute the crimes of which she was convicted?

Appellant's Brief, at 5.

We will first address Appellant's weight of the evidence claim. It is well settled that:

[a] claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted

where the facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Houser***, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Here, the trial court listened to testimony given by both the victim and Appellant and determined the victim's testimony to be credible. TCO, at 5. "On issues of credibility and weight of the evidence, an appellate court defers to the findings of the trial judge, who has had the opportunity to observe the proceedings and demeanor of the witnesses." ***Commonwealth v. Cunningham***, 805 A.2d 566, 572 (Pa. Super. 2002). After reviewing all of the evidence presented at trial and taking into consideration the witnesses' testimony, the trial court concluded that the Commonwealth proved each and every element of the crimes charged in Counts 1 through 6. Accordingly, the court found Appellant guilty on all 6 counts. TCO, at 5. We ascertain no abuse of discretion in the trial court's denial of Appellant's challenge to the weight of the evidence in these circumstances, and therefore, conclude said claim is without merit.

Next, we note our standard of review of questions involving the legality of a sentence:

> A challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction. It is also well-established that [i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary.

*Commonwealth v. Wolfe*, 106 A.3d 800, 801-802 (Pa. Super. 2014) (citations and quotation marks omitted).

Here, Appellant claims that the trial court illegally sentenced her to a mandatory minimum sentence of ten years' imprisonment for indecent assault of a child under sixteen years pursuant to 42 Pa.C.S. § 9718(a)(1).[1] Appellant requests that this Court vacate her judgment of sentence and remand for resentencing without consideration of any mandatory minimum sentence. Appellant's Brief, at 14. The Commonwealth has no objection to this case being remanded for the limited purpose of resentencing. Appellee's Brief, at 7. The trial court concurs. TCO, at 10.

In *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the Supreme Court held that, "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Id*.

---

[1] Section 9718(a)(1) provides:

**§ 9718. Sentences for offenses against infant persons**

**(a)    Mandatory sentence.—**

(1)    A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:

…

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse) – not less than ten years.

42 Pa.C.S. § 9718.

at 2163. Subsequently, this Court struck down statutes imposing mandatory minimum sentences as unconstitutional in light of **Alleyne**.[2] In **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014), where the defendant appealed from an aggregate judgment of sentence of ten (10) to twenty (20) years' imprisonment, imposed after he was found guilty of multiple counts of involuntary deviate sexual intercourse, unlawful contact with a minor, statutory sexual assault, and corruption of minors, we specifically addressed the constitutionality of the mandatory minimum sentencing provision in 42 Pa.C.S. § 9718, the same statute being challenged in the present case. Following the decisions in **Newman** and **Valentine**, we concluded in **Wolfe** that Section 9718 is facially unconstitutional. **Wolfe**, 106 A.3d at 805. Accordingly, we are compelled to conclude that the trial court imposed an illegal sentence in this case when it imposed the mandatory minimum sentence set forth in Section 9718.

Judgment of sentence **vacated**. Case **remanded** for resentencing without the application of the Section 9718 mandatory minimum, consistent with this memorandum. Jurisdiction **relinquished**.

---

[2] **See Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (concluding the appellant's sentence was illegal and striking down 42 Pa.C.S. § 9712.1 as unconstitutional). **See also Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (vacating the judgment of sentence and remanding for resentencing without the applicable mandatory minimum sentences).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/24/2015</u>