J-S62043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAARON ANTHONY SHEARS | |
| Appellant | No. 937 WDA 2015 |

Appeal from the PCRA Order June 2, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001660-2011

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:               **FILED OCTOBER 14, 2015**

Appellant, Daaron Anthony Shears, appeals from the order entered in the Fayette County Court of Common Pleas, which dismissed his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On July 13, 2012, a jury convicted Appellant of rape, sexual assault, and statutory sexual assault.  The court sentenced Appellant on November 2, 2012, to a mandatory minimum term of ten (10) to twenty (20) years' incarceration for the rape conviction, pursuant to 42 Pa.C.S.A. § 9718.  The court imposed a consecutive term of three (3) months' to ten (10) years' incarceration for sexual assault, and no further penalty for statutory sexual

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

*Retired Senior Judge assigned to the Superior Court.

assault. Appellant filed a post-sentence motion on November 6, 2012. On November 8, 2012, the court amended the sentence so that Appellant received a term of three (3) months' to ten (10) years' incarceration for statutory sexual assault, and no further penalty for sexual assault. Appellant filed a notice of appeal on December 11, 2012, which this Court dismissed as untimely on July 9, 2013. On September 10, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on January 6, 2015, asserting that Appellant's mandatory minimum sentence was unlawful under **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014). Following a hearing, the court dismissed Appellant's PCRA petition as untimely on June 2, 2015. Appellant filed a timely notice of appeal on June 15, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under

which the late filing of a petition will be excused. ***See*** 42 Pa.C.S.A. § 9545(b)(1). To invoke the "new constitutional right" exception, the petitioner must plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(3). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Instantly, Appellant's judgment of sentence became final on December 8, 2012, upon expiration of the time to file a notice of appeal with this Court. ***See*** Pa.R.A.P. 903(a). Appellant filed the current PCRA petition on September 10, 2014. Thus, Appellant's petition is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). To the extent Appellant attempts to invoke the "new constitutional right" exception to the PCRA's time limits, neither the U.S. Supreme Court nor the Pennsylvania Supreme Court have held that ***Alleyne*** or its progeny apply retroactively. ***See Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (holding ***Alleyne*** did not announce new constitutional right that has been held to apply retroactively, to satisfy PCRA's time-bar exception). Appellant also relies on ***Wolfe, supra***, but that decision merely applied the constitutional right already recognized by ***Alleyne***. Thus, Appellant's petition remains time barred.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2015