J-S37006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

ANTHONY MCCAULEY

Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 380 WDA 2015

Appeal from the Judgment of Sentence February 3, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003188-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 17, 2016**

Appellant, Anthony McCauley, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his jury trial convictions for rape of a child, involuntary deviate sexual intercourse ("IDSI") with a child, statutory sexual assault, unlawful contact with a minor, unlawful restraint of a minor, indecent assault, corruption of minors, and endangering welfare of children ("EWOC").[1]  We affirm the convictions but vacate the judgment of sentence and remand with instructions.

The relevant facts and procedural history of this appeal are as follows. Appellant entered into a relationship with the victim's mother, J.S., when the

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3122.1(b), 6318(a)(1), 2902(b)(2), 3126(a)(7), 6301(a)(1)(i) and (a)(1)(ii), 4304(a)(1), respectively.

victim was approximately four years old. Appellant, J.S., the victim, and the victim's brother lived together for the next eight or nine years. When the victim was six or seven years old, Appellant began to have sexual contact with her. At first, Appellant digitally penetrated the victim's vagina. The encounters soon escalated, and Appellant started having vaginal and oral intercourse with the victim. The abuse culminated in August 2013 when the victim was twelve years old. In the most recent incident, the victim was sitting on the couch watching television in the living room when Appellant approached her and pulled her to the edge of the couch. Appellant then removed the victim's pants, held her hands above her head, and had vaginal intercourse with her. Afterward, Appellant placed twenty dollars on the table. The next day, the victim called her grandmother, B.P., and said, "Grandma, I can't take no more. Can you please come and get me?" B.P. drove to the house and picked up the victim, who was upset and crying. B.P. subsequently notified the police. The victim lived with B.P. for several months before moving in with the victim's father.

A jury convicted Appellant of one (1) count each of rape of a child, IDSI with a child, statutory sexual assault, unlawful contact with a minor, unlawful restraint of a minor, indecent assault, and EWOC, and two (2) counts of corruption of minors. On February 3, 2015, the court sentenced Appellant to consecutive terms of ten (10) to twenty (20) years' incarceration for the rape and IDSI convictions. The court imposed no

further penalty for the remaining counts. Appellant filed a timely notice of appeal on March 5, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). After the court granted an extension, Appellant timely complied.

Appellant raises the following issues for our review, which we have reordered for purposes of disposition:

> WAS THE EVIDENCE UPON WHICH THE JURY RELIED IN FINDING [APPELLANT] GUILTY AT COUNTS 1 THROUGH 9, SO UNRELIABLE AND CONTRADICTORY THAT IT WAS INCAPABLE OF SUPPORTING THE VERDICTS, AND THEREFORE, WAS INSUFFICIENT AS A MATTER OF LAW?
>
> DID THE TRIAL COURT ERR IN SENTENCING [APPELLANT] TO THE MANDATORY MINIMUM SENTENCE AT COUNTS 1 AND 2 PURSUANT [TO] 42 PA.C.S.A. § 9718, BECAUSE THAT STATUTE HAS BEEN FOUND TO BE UNCONSTITUTIONAL AND THEREFORE, [APPELLANT'S] SENTENCE IS ILLEGAL?

(Appellant's Brief at 5).

In his first issue, Appellant argues numerous Commonwealth witnesses gave inconsistent, false, or unreliable testimony throughout trial. Appellant contends the victim's testimony was internally inconsistent with respect to when and where the abuse began and whether she screamed during the last incident. Appellant asserts the testimony of the victim's cousin that she spoke to the victim about the abuse was not credible because the victim's cousin did not say anything to the police until two-and-a-half years after Appellant was arrested. Appellant submits the testimony of the victim's cousin also contradicted the victim's statement that she had only told one

person about the assaults before she ultimately informed her grandmother. Appellant claims the police investigation was flawed, emphasizing the failure of the police to collect physical evidence from the scene. Appellant avers the victim and B.P. disregarded police instructions not to discuss the incidents prior to the victim's forensic interview, which tainted the testimony of the victim and other Commonwealth witnesses. Appellant maintains the victim falsely testified that she had followed police instructions not to discuss the incidents with anyone. Appellant contends the victim was motivated to fabricate the allegations because of her desire to move out of the house and live with her grandmother. Appellant concludes the evidence was insufficient to support his convictions because the testimony of the Commonwealth witnesses was so unreliable and contradictory as to make the jury's verdict a result of pure conjecture. We disagree.

The following principles of review apply to a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain

its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)). Challenges to witness credibility generally implicate the weight, not the sufficiency, of the evidence. *See Commonwealth v. Price*, 616 A.2d 681, 683 (Pa.Super. 1992) (explaining sufficiency challenge asks whether evidence exists on record to support conviction, whereas argument that witness' account is not credible goes to weight). Nevertheless,

[I]n those extreme situations where witness testimony is so inherently unreliable and contradictory that it makes the jury's choice to believe that evidence an exercise of pure conjecture, any conviction based on that evidence may be reversed on the grounds of evidentiary insufficiency, since no reasonable jury could rely on such evidence to find all of the essential elements of the crime proven beyond a reasonable doubt.

*Commonwealth v. Brown*, 617 Pa. 107, 136 n.18, 52 A.3d 1139, 1156 n.18 (2012). "[T]he uncorroborated testimony of a rape victim, if believed by the jury, is sufficient to support a rape conviction and no medical testimony is needed to corroborate a victim's testimony if the testimony was rendered credible by the jury." *Commonwealth v. Poindexter*, 646 A.2d 1211, 1214 (Pa.Super. 1994), *appeal denied*, 540 Pa. 580, 655 A.2d 512

(1995).

Instantly, the trial court reasoned as follows:

[T]he evidence presented at trial established that since she was four (4) years old, [the victim] lived with her mother, [Appellant,] and [the victim's] younger brother…first on Becks Run Road and then in the Sharpsburg area. Beginning when [the victim] was seven (7) years old and continuing until she was 12 years old, [Appellant] repeatedly had oral and vaginal sex with her in various rooms of the house. On the last occasion, when [the victim] was 12, [Appellant] gave her $20 after having intercourse with her. The next day, [the victim] called her grandmother, …who picked up [the victim] from the home and then called the police to report the assaults.

It is clear from a review of the record that the evidence was more than sufficient to establish [Appellant's] improper physical contact with [the victim]. [The victim's] testimony clearly established multiple incidents of oral and vaginal sexual intercourse, and the jury clearly found her testimony to be credible. The lack of physical evidence is not demonstrative of [Appellant's] innocence, but rather is only reflective of the fact that too much time had elapsed between the incidents and the report for any forensic evidence to be recovered. [The victim's] testimony credibly established multiple incidents of improper contact and was clearly sufficient to support [Appellant's] convictions at all counts.

(Trial Court Opinion, filed September 22, 2015, at 6). The record supports the court's analysis. Appellant mischaracterizes some of the trial testimony. The victim's cousin testified that she had witnessed "weird" interactions between Appellant and the victim, including the manner in which Appellant bathed the victim on one occasion. The victim's cousin also testified vaguely that the victim had mentioned "some things" regarding Appellant when the victim was eight or nine years old. The victim's cousin, however, did not

directly contradict the victim's testimony that she had not told anybody except a friend about the actual sexual abuse until after the last incident. Additionally, the jury was not required to discredit all of the victim's testimony because she had discussed the incidents prior to the forensic interview, even though a detective had advised her not to do so. Likewise, the victim's inability to remember every peripheral detail of the abuse, such as exactly when and where it started years earlier or how many times she screamed during the last incident, was not fatal in light of the victim's otherwise consistent testimony. Appellant brought these credibility issues to the jury's attention during cross-examination. Appellant simply disagrees with the jury's credibility determinations. This case does not present the rare and "extreme" situation where "witness testimony is so inherently unreliable and contradictory that it makes the jury's choice to believe that evidence an exercise of pure conjecture." **See Brown, supra**. Therefore, Appellant's sufficiency challenge merits no relief.

In his second issue, Appellant argues the court imposed mandatory minimum sentences under 42 Pa.C.S.A. § 9718 for his rape and IDSI convictions. Appellant contends Section 9718 is unconstitutional and void in its entirety pursuant to **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014). Appellant concludes this Court should vacate the judgment of sentence and remand for resentencing. We agree that resentencing is necessary if the court actually applied Section 9718.

Section 9718(a)(1) sets forth a mandatory minimum sentence of ten (10) years' imprisonment where a defendant is convicted of IDSI involving a victim who is less than sixteen (16) years of age. Section 9718(a)(3) establishes a mandatory minimum sentence of ten (10) years' imprisonment where a defendant is convicted of rape of a child. Section 9718(c) states these statutory provisions shall not be an element of the crime and applicability of the statute shall be determined at sentencing by a preponderance of the evidence. 42 Pa.C.S.A. § 9718(c).

Recently, this Court directly addressed the constitutionality of Section 9718 in **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014), where the trial court had imposed mandatory minimum sentences for multiple IDSI convictions, pursuant to Section 9718(a)(1). On appeal, this Court struck down Section 9718 as facially unconstitutional. **Id.** (citing **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)). **Alleyne** is applicable to all criminal cases pending on direct review. **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*).

Instantly, before sentencing, the Commonwealth filed notice of its intent to seek mandatory minimum sentences for Appellant's rape and IDSI charges, pursuant to Section 9718. At the sentencing hearing, the Commonwealth reminded the court of the filed notice. Appellant's consecutive sentences of ten (10) to twenty (20) years' incarceration for rape and IDSI were consistent with the minimum terms mandated by

Section 9718. In its Rule 1925(a) opinion, the court did not dispute Appellant's contention that the court had applied Section 9718. Given this Court's binding decision in **Wolfe**, any application of Section 9718 would have been unlawful. The court's oral pronouncement of sentence, however, did not refer to the imposition of any mandatory minimum term. Likewise, the written sentencing order, guideline sentence forms, and court commitment form do not indicate that a mandatory minimum sentence was imposed. Thus, the certified record is inconsistent on whether the court actually applied Section 9718 when it sentenced Appellant. Therefore, we affirm Appellant's convictions, but vacate the judgment of sentence and remand the matter to the trial court to clarify whether Appellant was sentenced pursuant to the mandatory provisions of Section 9718, and, if necessary, to resentence Appellant without imposition of a mandatory minimum term. If Section 9718 was not applied, the court shall re-impose Appellant's original sentence. Accordingly, we affirm Appellant's convictions but vacate the judgment of sentence and remand with instructions.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016