OPINION BY
MUNDY, J.:
Appellant, Matthew Bryan Wolfe, appeals from the October 1, 2013, aggregate judgment of sentence of ten to 20 years’ imprisonment, imposed after he was found guilty of two counts of involuntary deviate sexual intercourse (IDSI), one count of unlawful contact with a minor, four counts of statutory sexual assault, and one count *801 of corruption of minors.[1] After careful review, we vacate and remand for resen-tencing.
We summarize the relevant factual and procedural background of this case as follows. On January 15, 2013, the Commonwealth filed an information charging Appellant with the above-mentioned offenses, as well as two additional counts of IDSI, and one count each of aggravated indecent assault and indecent exposure.[2] On June 12, 2013, Appellant proceeded to a two-day jury trial, at the conclusion of which Appellant was found guilty of two counts of IDSI, one count of unlawful contact with a minor, four counts of statutory sexual assault, and one count of corruption of minors. The jury acquitted Appellant of one count each of IDSI and aggravated indecent assault. The fourth IDSI count and the indecent exposure count were dismissed by the trial court.
On October 1, 2013, the trial court imposed an aggregate sentence of ten to 20 years’ imprisonment. Relevant to this appeal, Appellant received a ten-year mandatory minimum sentence for each IDSI count pursuant to 42 Pa.C.S.A. § 9718(a)(1). Appellant did not file a post-sentence motion. On October 31, 2013, Appellant filed a timely notice of appeal.[3]
On appeal, Appellant raises the following issue for our review.
In the context of imposing [a] sentence for otherwise consensual oral sex activity between a defendant as young as 18 and a complainant between the ages of 13 and 16, does Pennsylvania’s entire sentencing scheme violate [Appellantj’s constitutional rights to equal protection of the laws, due process, and the right against cruel and unusual punishment because it imposes vastly greater sentences for otherwise consensual oral sex activity by means of the 10-year mandatory provision at 42 Pa.C.S. § 9718 than it does for otherwise consensual vaginal sex activity?
Appellant’s Brief at 5.
At the outset, we note that Appellant’s sole issue on appeal challenges the constitutionality of the mandatory minimum sentencing provision at Section 9718. Appellant avers that Section 9718 violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment, as well as the Cruel and Unusual Punishment Clause of the Eighth Amendment. However, we need not address these arguments, as we conclude that Appellant’s sentence is illegal on a different basis.
We begin by noting that a challenge to the legality of the sentence can never be waived and may be raised by this Court sua sponte. Commonwealth v. Orellana, 86 A.3d 877, 883 n. 7 (Pa.Super.2014) (citation omitted). We further note that issues pertaining to the United States Supreme Court’s decision in Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), directly implicate the legality of the sentence. Commonwealth v. Lawrence, 99 A.3d 116, 122-25 (Pa.Super.2014). With this in mind, we proceed by noting our well-settled standard of review of questions involving the legality of a sentence.
“A challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction.” Commonwealth v. Borovichka, 18 A.3d *802 1242, 1254 (Pa.Super.2011) (citation omitted). It is also well-established that “[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.” Commonwealth v. Rivera, 95 A.3d 913, 915 (Pa.Super.2014) (citation omitted). “An illegal sentence must be vacated.” Id. “Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is de novo and our scope of review is plenary.” Commonwealth v. Akbar, 91 A.3d 227, 238 (Pa.Super.2014) (citations omitted).
In this case, Appellant was sentenced under the mandatory minimum statute at Section 9718, which provides in relevant part, as follows.
§ 9718. Sentences for offenses against infant persons
(a) Mandatory sentence.—
(1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse) — not less than ten years.
(c) Proof at sentencing. — The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth’s intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.
42 Pa.C.S.A. § 9718.
In Alleyne, the Supreme Court held that “facts that increase mandatory minimum sentences must be submitted to the jury” and must be found beyond a reasonable doubt. Alleyne, supra at 2163. Alleyne is an extension of the Supreme Court’s line of cases' beginning with Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In Alleyne, the Court overruled Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact finding which raises the minimum sentence and that which raises the maximum sentence.
It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime. Indeed, criminal statutes have long specified both the floor and ceiling of sentence ranges, which is evidence that both define the legally prescribed penalty. This historical practice allowed those who violated the law to know, ex ante, the contours of the penalty that the legislature affixed to the crime — and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling. A fact that increases a sentencing floor, thus, forms an essential ingredient of the offense.
Moreover, it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment. Elevating the low-end of a sentencing range heightens the loss of *803 liberty associated with the crime: the defendant’s expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish. Why else would Congress link an increased mandatory minimum to a particular aggravating fact other than to heighten the consequences for that behavior? This reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury.
Alleyne, supra at 2160-2161 (internal ■ quotation marks and citations omitted).
Commonwealth v. Miller, 102 A.3d 988, 994-96 (Pa.Super.2014).
In Commonwealth v. Newman, 99 A.3d 86 (Pa.Super.2014) (en banc), this Court confronted the same type of challenge to the mandatory minimum sentence found at Section 9712.1, regarding the proximity between drugs and guns. See id. at 90-91. Section 9712.1 had the same format as Section 9718 insofar that one subsection contains the additional fact that triggers the mandatory penalty, and another subsection states that this fact shall be found by the trial court by a preponderance of the evidence at sentencing. See id., quoting 42 Pa.C.S.A. §§ 9712.1(a), 9712.1(c); 42 Pa.C.S.A. §§ 9718(a), 9718(c).
The Newman Court first concluded that the defendant’s sentence was illegal in light of Alleyne and required this Court to vacate and remand for resentencing. Id. at 97-98. However, this Court further noted that Alleyne issues are subject to harmless error analysis but that the Al-leyne issue in Newman was not harmless. Id. at 98-99. Finally, this Court rejected the Commonwealth’s argument that, if the error was not harmless, the appropriate remedy would be to remand to the trial court to empanel a second sentencing jury. Specifically, in rejecting this argument, the Newman Court concluded that Section 9712.1 in its entirety must be struck down as unconstitutional in light of Alleyne, concluding that its subsections were not sev-erable.[4]
The Commonwealth’s suggestion that we remand for a sentencing jury would require this court to manufacture whole cloth a replacement enforcement mechanism for Section 9712.1; in other words, the Commonwealth is asking us to legislate. We recognize that in the prosecution of capital cases in Pennsylvania, there is a similar, bifurcated process where the jury first determines guilt in the trial proceeding (the guilt phase) and then weighs aggravating and mitigating factors in the sentencing proceeding (the penalty phase). However, this mechanism was created by the General Assembly and is enshrined in our statutes at 42 Pa.C.S.A. § 9711. We find that it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following Al-leyne. We cannot do so.
*804 Id. at 102.[5]
We are also mindful of this Court’s recent decision in Commonwealth v. Valentine, 101 A.3d 801 (Pa.Super.2014). In Valentine, the Commonwealth sought to have a mandatory minimum sentence imposed against the defendant. The trial court allowed the Commonwealth to amend the information to include the necessary additional factual elements required by Alleyne to be found by the jury beyond a reasonable doubt.[6] Id. at 803-805. The two questions were submitted to the jury, and it found the additional elements beyond a reasonable doubt. Id. As a result, the trial court imposed the appropriate mandatory minimum sentences pursuant to the appropriate statutes. Id.
Although the trial court seemingly followed Alleyne''s requirements, the Valentine Court held the trial court was not permitted to allow the jury to resolve the mandatory minimum questions absent legislative action, in accordance with Newman.
Here, the trial court permitted the jury, on the verdict slip, to determine beyond a reasonable doubt whether Appellant possessed a firearm that placed the victim in fear of immediate serious bodily injury in the course of committing a theft for purposes of the mandatory minimum sentencing provisions of 42 Pa. C.S.A. § 9712(a), and whether the crime occurred in whole or in part at or near public transportation, for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9713(a). The jury responded “yes” to both questions. In presenting those questions to the jury, however, we conclude, in accordance with Newman, that the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentences in compliance with Al-leyne.
The trial court erroneously presupposed that only Subsections (c) of both 9712 and 9713 (which permit a trial judge to enhance the sentence based on a preponderance of the evidence standard) were -unconstitutional under Al-leyne, and that Subsections (a) of 9712 and 9713 survived constitutional muster. By asking the jury to determine whether the factual prerequisites set forth in § 9712(a) and § 9713(a) had been met, the trial court effectively determined that the unconstitutional provisions of § 9712(c) and § 9713(c) were severable. Our decision in Newman however holds that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severa-ble but “essentially and inseparably connected” and that the statutes are therefore unconstitutional as a whole. Id. at 101-02. (“If Subsection (a) is the predicate arm.!.. then Subsection (c) is the enforcement arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.”).
*805 Moreover, Newman makes clear that “it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following Alleyne.” Newman at 102. Therefore, the trial court lacked the authority to allow the jury to determine the factual predicates of §§ 9712 and 9713. See Newman at 102-03 (recognizing that several trial courts of this Commonwealth have found Section 9712.1 as a whole to be no longer workable without legislative guidance).
Id. at 811-812. As a result, this Court vacated Valentine’s judgment of sentence and remanded for resentencing, without the applicable mandatory minimum sentences. Id. at 812-813.
As noted above, the mandatory minimum statute in this case contains the same format as the statutes struck down as facially unconstitutional in Newman and Valentine. See 42 Pa.C.S.A. §§ 9712(a), 9712(c), 9712.1(a), 9712.1(c), 9713(a), 9713(c), 9718(a), 9718(c). Following Newman’s instructions, we are required to conclude that Section 9718 is also facially unconstitutional.
We recognize that this specific case is unique insofar that the additional fact triggering the mandatory sentence is also contained as an element within the subsection of the IDSI statute under which Appellant was convicted. Compare 42 Pa.C.S.A. § 9718(a)(1) (stating, “[a] person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment]”), with 18 Pa.C.S.A. § 3123(a)(7) (stating that a person is guilty of IDSI if he or she engages in “deviate sexual intercourse” with a complainant “who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other[]”) (emphases added). Therefore, in order to convict Appellant of IDSI, the Commonwealth was already required to prove beyond a reasonable doubt that the victim was less than 16 years old.
However, we are not concerned with Appellant’s conviction in this appeal, only the imposition of the mandatory minimum sentence. In Commonwealth v. Matteson, 96 A.3d 1064 (Pa.Super.2014), the defendant was convicted of aggravated indecent assault of a child, which includes as an element of the offense that the victim is less than 13 years of age. See 18 Pa. C.S.A. § 3125(b). Matteson was sentenced to a ten-year mandatory minimum under Section 9718(a)(2), which requires the imposition of said minimum sentence for certain “offenses when the victim is less than 13 years of age[.]” 42 Pa.C.S.A. § 9718(a)(2). This Court concluded that the trial court did not err under Alleyne in imposing the mandatory minimum sentence.
Here, Matteson was charged with aggravated indecent assault of a child, which requires, inter alia, that the victim is less than 13 years of age. See 18 Pa.C.S.A. § 3125. The victim testified that she was 11 years old at the time of the incident. N.T., 10/28/13, at 1. The jury received an instruction that it was required to find that the victim was less than 13 years of age. Trial Court Opinion, 3/4/14, at 4. Therefore, by finding Matteson guilty of aggravated indecent assault of a child beyond a reasonable doubt, the jury specifically found the element required to impose the mandatory minimum sentence. See [Commonwealth v.] Watley, 81 A.3d [108,] 121 [ (Pa.Super.2013) (en banc) ] (concluding that the appellant’s mandatory minimum sentence under section 9712.1 was not illegal under Alleyne because the jury, *806 by virtue of its verdict of guilty on the possession of firearms charges, rendered a specific finding as to whether the appellant possessed the handguns)[, appeal denied, — Pa. -, 95 A.8d 277 (2014) ]. Thus, the requirements of Al-leyne have been met, and Matteson’s claim is without merit.
In his second claim, Matteson contends that the mandatory minimum provisions of 42 Pa.C.S.A. § 9718 are unconstitutional. Brief for Appellant at 9-10.
As noted above, the language that increases a defendant’s sentence based on a preponderance of the evidence standard in section 9718 has been found unconstitutional. See Watley, 81 A.3d at 117. However, since the jury found that the Commonwealth proved every element of aggravated indecent assault of a child beyond a reasonable doubt, including a victim under the age of 13, the trial court properly imposed the mandatory minimum sentence.
Id. at 1066-1067.
In Valentine, this Court noted the tension between Newman, Watley, and Matteson. See Valentine, supra at 812 n. 4. However, the Valentine Court concluded that Newman controlled based on the conclusion in Newman that the subsections of the mandatory minimum statutes in Pennsylvania cannot be severed. Id. Based on the above passage, it appears that the Matteson Court concluded that Section 9718(a)(2) could still be constitutionally applied since the Commonwealth “proved every element of aggravated indecent assault of a child beyond a reasonable doubt, including a victim under the age of 13[.]” Matteson, supra at 1067. However, the Matteson Court could not reach that con-elusion, unless it first concluded implicitly that the various subsections of Section 9718 were severable. Pursuant to this Court’s decision in Newman, we conclude this is not correct. In our view, Newman abrogated this Court’s decision in Matte-son,[7]
Likewisé, in this case, although the jury was required to find that the victim was less than 16 years of age in order to convict Appellant, we cannot ignore the binding precedent from an en banc decision of this Court. See Commonwealth v. Bucknor, 441 Pa.Super. 441, 657 A.2d 1005, 1007 n. 1 (1995) (stating, “as a three judge panel[,] we are bound by the rulings of a court en banc [ ]”), appeal denied, 542 Pa. 640, 666 A.2d 1050 (1995). Newman stands for the proposition that mandatory minimum sentence statutes in Pennsylvania of this format are void in their entirety. Newman, supra; Valentine, supra. As Section 9718 is indistinguishable from the statutes struck down in Newman and Valentine, we are constrained to conclude that Section 9718 is also facially void. As a result, we conclude the trial court erred in imposing the ten-year mandatory minimum.
Based on the foregoing, we are compelled to conclude that the trial court imposed an illegal sentence when it imposed the mandatory minimum sentence in this case. Accordingly, we vacate the trial court’s October 1, 2013 judgment of sentence, and the case is remanded for resen-tencing, without the application of the Section 9718 mandatory minimum, consistent with this opinion.
Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.
*807 Judge JENKINS joins the opinion.
Judge BOWES files a concurring opinion in which Judge JENKINS joins.

. 18 Pa.C.S.A. §§ 3123(a)(7), 6318(a)(1), 3122.1(a)(1), and 6301(a)(1)(i),

. 18 Pa.C.S.A. §§ 3125(a)(8) and 3127(a), respectively.

.Appellant and the trial court have complied with Pa.R.A.P. 1925.

. The author in this case concurred in the result in Newman, disagreeing with the majority that the subsections of Section 9712.1 could not be severed and concluding that no special "mechanism” was required to allow a jury to find the element of the aggravated offense beyond a reasonable doubt. Id. at 105-106 (Mundy, J., concurring). The author continues to believe Newman was wrongly decided on that point; however, it is binding on this Court and must be applied in a principled manner in all future cases unless reversed by our Supreme Court.

. We note the Commonwealth has filed a petition for allowance of appeal with our Supreme Court in Newman, docketed at 646 MAL 2014. As of the date of this decision, it is still pending.

. In Valentine, the two questions submitted to the jury were as follows.
Did the Defendant Jose R. Valentine, visibly possess a firearm, whether or not the firearm was loaded or functional, that placed [the victim] in reasonable fear of serious bodily injury during his commission of the above-described robbery offense?
Did the Defendant Jose R. Valentine, in whole or in part, commit the above-described robbery offense at or near a Septa bus stop, or in the immediate vicinity of a Septa bus stop?
Valentine, supra at 803-805 (citation omitted); see also generally 42 Pa.C.S.A. §§ 9712, 9713.

. We note that Matteson was filed on July 18, 2014, and Newman was filed on August 20, 2014.