J-S21026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD TERANTINO | |
| Appellant | No. 2311 EDA 2014 |

Appeal from the Judgment of Sentence May 30, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001848-2013

BEFORE: BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 14, 2015**

Appellant Edward Terantino appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas following his jury trial convictions for involuntary deviate sexual intercourse, persons less than 16 years of age, statutory sexual assault, and aggravated indecent assault, persons less than 16 years of age.[1] We affirm Appellant's convictions, but vacate his judgment of sentence and remand for resentencing.

The relevant facts and procedural history of this appeal are as follows. In June 1998, then forty-six-year-old Appellant sexually assaulted his then fourteen-year-old step-daughter ("Victim"). Police became aware of this

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S §§ 3123(a)(7), 3122.1, 3125(8), respectively.

assault when they arrested Appellant for kidnapping Victim in September 2013. On March 13, 2014, the court conducted a jury trial for the 1998 incident.

At trial, Carol Haupt, the owner of Forensic Counseling Associates, testified as an expert witness in the field of victim responses to sexual abuse. Before Haupt testified, Appellant objected to Haupt's qualifications to testify as an expert in this field. The Commonwealth and Appellant questioned Haupt as to her qualifications outside of the presence of the jury. The court accepted Haupt as an expert in the field of victim responses to sexual abuse "[b]ased on the witness's testimony and [the court's] review of her curriculum vitae[.]" N.T., 3/13/14, at 46.

Haupt, who specializes in treating perpetrators and victims of domestic violence and sexual assault, testified that: "Most victims don't report for a very long time if ever" due to "shame, fear, embarrassment, thinking they may get in trouble themselves, not knowing who to tell, being afraid that they won't be believed. The list goes on and on. It's a little different for every victim as to their reason for not disclosing." N.T., 3/13/14, at 49-50. Haupt did not testify specifically about Victim because she never met Victim. Appellant made no objections to Haupt's testimony.

On March 13, 2014, the jury convicted Appellant of the aforementioned charges. On May 30, 2014, the court sentenced Appellant to 5-10 years' incarceration for involuntary deviate sexual intercourse,

persons less than 16 years of age,[2] 2-4 years of concurrent incarceration for aggravated indecent assault, persons less than 16 years of age, and a consecutive sentence of 4-8 years' incarceration for kidnapping, resulting in an aggregate sentence of 9-18 years' incarceration.[3]

On June 9, 2014, Appellant filed a post-sentence motion which the court denied on July 1, 2014. On July 30, 2014, Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ERRED BY ALLOWING EXPERT TESTIMONY CONCERNING "VICTIM RESPONSES TO SEXUAL ABUSE" TO BOLSTER [THE] CREDIBILITY OF THE WITNESS[?]

Appellant's Brief, p. 5.

Appellant argues the court erred by allowing Haupt to testify as an expert in the field of victim responses to sexual abuse. Appellant complains the Commonwealth presented Haupt's testimony for the sole purpose of bolstering Victim's testimony. He claims the issue of victim response to sexual abuse is a matter of common knowledge, not distinctly related to a science, skill, or occupation beyond the knowledge or experience of the

---

[2] The court sentenced Appellant to the mandatory minimum for his offense, pursuant to 42 Pa.C.S. § 9718.

[3] Appellant's statutory sexual assault charge merged for sentencing purposes.

average layman; thus, Haupt's testimony was inadmissible, and he is entitled to a new trial without this prejudicial evidence. We disagree.

Initially, Appellant waived this claim by failing to object to the substance of Haupt's testimony during trial. *See Commonwealth v. Hairston*, 84 A.3d 657, 667 (Pa.2014) *cert. denied sub nom. Hairston v. Pennsylvania*, ___ U.S. ___, 135 S.Ct. 164, 190 L. Ed. 2d 118 (2014) (lack of timely objection waived issue for appellate review). Although Appellant objected to Haupt's qualifications as an expert, he did not object to Haupt's testimony on the grounds that it enhanced Victim's credibility.

Even if Appellant had preserved this issue for appeal, it warrants no relief. 42 Pa.C.S. § 5920 provides the line of demarcation between admissible and inadmissible expert testimony: an expert "may testify to facts and opinions regarding specific types of victim responses and victim behaviors," but shall not provide "opinion[s] regarding the credibility of any other witness, including the victim." 42 Pa.C.S. § 5920(b)(2), (3).

Here, Haupt testified as to possible reasons victims might not disclose prior sexual abuse but did not opine upon the credibility of any witness at Appellant's trial. Accordingly, she testified within the parameters of the statute.

We now consider the legality of Appellant's mandatory minimum sentence under 42 Pa.C.S. § 9718. Although Appellant did not raise any issue related to the legality of his sentence, we note that questions

regarding the legality of a sentence "are not waivable and may be raised *sua sponte* by this Court." **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa.2014). Further, we note that issues regarding the Supreme Court of the United States' decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct 2151, 186 L.Ed 2d 341 (2013), directly implicate the legality of the sentence. **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa.Super.2014).

Our standard of review of questions involving the legality of a sentence is as follows:

> A challenge to the legality of a sentence…may be entertained as long as the reviewing court has jurisdiction. It is also well-established that if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary.

**Wolfe**, 106 A.3d at 801-02 (citations omitted).

In this case, Appellant was sentenced under the following statute:

> **§ 9718. Sentences for offenses against infant persons**
>
> **(a) Mandatory sentence.--**
>
> (1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
> 18 Pa.C.S. § 2702(a)(1) and (4) (relating to aggravated assault)--not less than two years.

18 Pa.C.S. § 3121(a)(1), (2), (3), (4) and (5) (relating to rape)--not less than ten years.

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)--not less than ten years.

18 Pa.C.S. § 3125(a)(1) through (6) (relating to aggravated indecent assault)--not less than five years.

\* \* \*

**(c) Proof at sentencing.--**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9718.

In **Alleyne**, the Supreme Court of the United States held that the Due Process Clause of the Constitution of the United States requires each factor that increases a mandatory minimum sentence to be submitted to a jury and found beyond a reasonable doubt. **Alleyne, supra** at 2163. Based upon **Alleyne**, this Court stated in dicta in **Watley** that sections 7508 and 9712.1 of the Sentencing Code are unconstitutional insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard for factors other than a prior conviction. **Watley, supra** at 117 n. 4.

- 6 -

In **Commonwealth v. Newman**, following our dicta in **Watley**, we held that the preponderance of the evidence standard in section 9712.1(c) is unconstitutional under **Alleyne**. **Newman**, 99 A.3d 86 (Pa.Super.2014) (*en banc*). We then addressed whether it was possible to continue enforcing the remaining subsections of section 9712.1 after severing subsection (c). We held that section 9712.1, as a whole, was no longer workable, because subsection (c) was "essentially and inseparably connected" with the mandatory minimum sentencing provision in subsection (a). **Id.** at 101. We cited several trial court opinions on this subject, most notably the following analysis by the Montgomery County Court of Common Pleas:

> While the Commonwealth clearly is correct that unconstitutional provisions of a statute may be severed in order to effectuate the legislature's intent in enacting that statute, the undersigned believes that this simply is not possible in the instant situation, where the constitutional and unconstitutional provisions of the mandatory minimum statutes are inextricably interwoven. In order to effectuate the legislature's intent for the imposition of mandatory minimum sentences, the Commonwealth would have us ignore the legislature's clear intent: that the factors triggering such sentences be found by a judge and not a jury; that the defendant need not be informed of the applicability of the mandatory sentence prior to sentencing; and that the applicable standard be one of preponderance of the evidence. The undersigned believes it is for the legislature, and not this court, to make such determinations. Further, and crucially, rather than asking this court simply to 'sever' unconstitutional provisions within the statutes, the Commonwealth is essentially asking this court to *rewrite* them, by imposing different burdens of proof and notification than the legislature imposed.

*Id*. at 103 (citing ***Commonwealth v. Brockington, et al.*** (CCP Montgomery Cty., March 21, 2014)).  Accordingly, in ***Newman***, we vacated the defendant's judgment of sentence and remanded for resentencing "without consideration of any mandatory minimum sentence provided by section 9712.1." **Id.** at 103.

More recently, this Court specifically analyzed 42 Pa.C.S. § 9718 in ***Wolfe***.  We recognized that section 9718 contained the same format as section 9712.1, the statute struck down as unconstitutional in ***Newman***. ***Wolfe***, 106 A.3d at 805.  We therefore determined that section 9718 was unconstitutional, vacated the judgment of sentence, and remanded the case for resentencing without application of the section 9718 mandatory minimum.  **Id.** at 806.

Pursuant to ***Wolfe***, because the trial court sentenced Appellant under the unconstitutional provision of section 9718, we must vacate Appellant's judgment of sentence and remand for resentencing without application of section 9718.

Convictions affirmed.  Judgment of sentence vacated; case remanded for resentencing.  Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/14/2015</u>