J-S41040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JAMES ANTHONY ELIA, | |
| Appellee | No. 3403 EDA 2015 |

Appeal from the PCRA Order October 8, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0009201-2010

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:              **FILED MAY 18, 2016**

The Commonwealth of Pennsylvania appeals the order of the Court of Common Pleas of Montgomery County granting Appellee James Anthony Elia's petition under the Post Conviction Relief Act[1] and vacating his sentence based on the decisions in ***Alleyne v. U.S.***, 133 S.Ct. 2151 (2013) and ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. August 12, 2015).  For the foregoing reasons, we are constrained to affirm.

On February 14, 2011, Appellee was charged with several counts of Involuntary Deviate Sexual Intercourse (IDSI) involving a child less than 16 years of age, Statutory Sexual Assault, Aggravated Indecent Assault

---

[1] 42 Pa.C.S. §§ 9541-9546.

*Former Justice specially assigned to the Superior Court.

involving a person less than 16 years of age, Corruption of Minors, Indecent Assault of a person less than 16 years of age, and Unlawful Contact or Communication with a Minor.[2]

Initially, Appellee pled guilty to one count each of IDSI and Statutory Sexual Assault, but later was permitted to withdraw his guilty plea. Appellee waived his right to a jury trial and proceeded to a bench trial. On January 19, 2012, the trial court convicted Appellee of one count each of IDSI involving a child less than 16 years of age, Statutory Sexual Assault, Aggravated Indecent Assault involving a person less than 16 years of age, Corruption of Minors, Indecent Assault of a person less than 16 years of age, and Unlawful Contact or Communication with a Minor.

On May 19, 2012, the Commonwealth notified Appellee of its intention to seek the ten year mandatory minimum sentence for the IDSI count under 42 Pa.C.S. § 9718(a)(1) ("Sentences for offenses against infant persons"). On April 25, 2012, Appellee was sentenced to ten to twenty years imprisonment. Appellee filed a post-sentence motion, claiming *inter alia*, that his mandatory minimum sentence was unconstitutional. After the trial court denied his motion, Appellee filed a timely appeal. On December 24, 2013, this Court affirmed Appellee's judgment of sentence, and the Supreme Court denied Appellee's Petition for Allowance of Appeal on July 1, 2014.

_____

[2] 18 Pa.C.S. §§ 3123(a)(7), 3122.1, 3125(a)(8), 6301(a)(1), 3126(a)(8), and 6318(a)(1), respectively.

On August 15, 2014, Appellee filed a timely PCRA petition. On September 15, 2015, Appellee amended his petition to include a challenge the legality of his sentence under the decision in **Alleyne**, in which the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. **Alleyne**, 133 S.Ct. at 2163. Following a hearing, the PCRA court granted Appellee's petition based on the **Alleyne** claim and vacated his sentence. The Commonwealth filed this timely appeal and complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

The Commonwealth argues that the PCRA court erred in finding that the imposition of the mandatory minimum sentence under Section 9718 was unconstitutional. Section 9718 states in relevant part:

> **§ 9718. Sentences for offenses against infant persons**
>
> **(a) Mandatory sentence.—**
> (1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
> \*\*\*
> 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)--not less than ten years.
> \*\*\*
> **(b) Eligibility for parole.--**Parole shall not be granted until the minimum term of imprisonment has been served.
> **(c) Proof at sentencing.--**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section

shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9718.

The Commonwealth contends that the application of the mandatory minimum sentence in Section 9718 does not offend *Alleyne* as the operative fact triggering the application of the mandatory minimum – that the victim was less than sixteen years old – was found by the trier of fact beyond a reasonable doubt. The Commonwealth notes that it was required to prove this fact as an element of the offense of IDSI under Section 3123(a)(7), which provides that a person commits a felony of the first degree when he "engages in deviate sexual intercourse with a complainant … who is less than 16 years of age and the person is four or more years older than the complainant." 18 Pa.C.S. § 3123(a)(7).

However, the Commonwealth concedes that this case is controlled by this Court's decision in *Wolfe*, in which a three-judge panel determined that the holding in *Alleyne* rendered Section 9718 void in its entirety, finding the statutory language permitting the facts triggering the mandatory minimum to be determined at sentencing by a preponderance of the evidence was not severable from the remaining provisions. The panel in *Wolfe* relied on the *en banc* decision in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) for the proposition that "mandatory minimum sentencing

statutes in Pennsylvania of this format are void in their entirety." *Wolfe*, 106 A.3d at 805-806.

Nevertheless, the Commonwealth argues that *Wolfe* was wrongly decided and should be overruled.[3] The Commonwealth distinguishes the statutes in this case and in *Wolfe* (Section 9718) from those applied in *Alleyne* and *Newman*, where the triggering facts for the mandatory minimum were not elements of the offenses in the Crimes Code, but were solely set forth in the sentencing statutes. The Commonwealth points out that our Supreme Court granted allowance of appeal in *Wolfe* and decided to review the case on an expedited schedule to consider "[w]hether the Superior Court of Pennsylvania's *sua sponte* determination that the ten year mandatory minimum sentence for involuntary deviate sexual intercourse (Person less than 16 years) imposed pursuant to 42 Pa.C.S.A. § 9718(a)(1) is facially unconstitutional is erroneous as a matter of law[.]" *Wolfe*, 121 A.3d at 434.

Although the holding in *Wolfe* has been called into question by the Supreme Court's decision to grant further review of that decision, *Wolfe* is binding precedent unless and until reversed by the Supreme Court. *See Commonwealth v. Beck*, 78 A.3d 656, 659 (Pa. Super. 2013) (noting that

---

[3] *See also Wolfe*, 106 A.3d at 807 (Bowes, J., concurring) (contending that this Court's decision in *Newman* was erroneous as the burden of proof provision of § 9178 should be deemed severable from the remainder of the statute).

one panel of the Superior Court is not empowered to overrule another panel of the Superior Court). Accordingly, as the relevant facts and contested issue in this case are identical to those in **Wolfe**, we have no choice but to uphold the PCRA court's decision to vacate Appellee's sentence as unconstitutional.

Order affirmed. Remand to the trial court for resentencing consistent with the PCRA court opinion. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2016