J. S01026/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUAN JOSE BENITEZ-ROSADO, :
:
Appellant : No. 873 MDA 2016

Appeal from the PCRA Order May 16, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005492-2011

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED FEBRUARY 15, 2017**

Appellant, Juan Jose Benitez-Rosado, appeals from the May 16, 2016 Order denying his denying his first Petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. We reverse.

Recitation of the underlying facts of this matter is not necessary for our disposition. Briefly, following his October 22, 2012 jury conviction of two counts each of Involuntary Deviate Sexual Intercourse ("IDSI"), Aggravated Indecent Assault and Indecent Assault, and one count of Corruption of Minors,[1] the court sentenced Appellant to an aggregate term of 10 to 20 years' incarceration, which included a mandatory minimum pursuant to 42 Pa.C.S.A.§ 9718(a)(1).

---

[1] 18 Pa.C.S.A. §§ 3123(a)(1), (7), 3125(a)(1), (8), 3126(a)(1), (8), 6301(a)(1)(i), (ii).

Appellant filed a direct appeal from his Judgment of Sentence on March 11, 2013; this Court affirmed on January 30, 2014. **See Commonwealth v. Benitez-Rosado**, No. 472 MDA 2013 (filed January 30, 2014) (unpublished memorandum).

On November 3, 2014, Appellant filed a timely *pro se* PCRA Petition. The PCRA court appointed counsel, who filed an Amended Petition on February 29, 2016, and a second Amended Petition on May 10, 2016. In his Amended Petition, Appellant alleged, *inter alia*, that his Judgment of Sentence should be vacated based on the decisions in **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013) and **Commonwealth v. Wolfe**, 140 A.3d. 651 (Pa. 2016).

On May 16, 2016, the PCRA court denied Appellant's PCRA Petition after a hearing. Appellant timely appealed. Appellant and the trial court complied with Pa.R.A.P. 1925.

In his sole issue on appeal, Appellant complains that his sentence is illegal because the applicable mandatory sentencing statute, 42 Pa.C.S.A. § 9718, has been ruled facially unconstitutional.[2] We agree.

Instantly, a jury convicted Appellant of, *inter alia*, two counts each of Involuntary Deviate Sexual Intercourse and Aggravated Indecent Assault. At sentencing, the trial court applied Section 9718 to those convictions. This

---

[2] The PCRA court and the Commonwealth agree with Appellant's claim of error and supports Appellant's request for remand for resentencing.

Court recently struck down Section 9718 as unconstitutional. **See Commonwealth v. Wolfe**, 106 A.3d 800, 806 (Pa.Super. 2014) (where the trial court had imposed mandatory minimum sentences for multiple IDSI convictions, pursuant to Section 9718(a)(1)).

This court may affirm, modify, vacate, set aside, or reverse any order brought before it and may remand the matter. 42 Pa.C.S. § 706. "If our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the trial court can restructure its sentence plan." **Commonwealth v. Thur**, 906 A.2d 552, 569 (Pa. Super. 2006) (citation omitted).

In the instant matter, the trial court sentenced Appellant to a mandatory minimum 10 to 20 years' incarceration for his conviction of IDSI, a concurrent mandatory minimum sentence of 5 to 10 years' incarceration for his Aggravated Indecent Assault conviction, and a concurrent sentence of 9 to 18 months' incarceration for his Corruption of Minors conviction.

Having concluded that Appellant's IDSI and Aggravated Indecent Assault sentences are unconstitutional pursuant to **Wolfe**, and noting the interrelatedness of the sentences imposed by the trial court in its initial sentencing scheme, we vacate the sentences on all convictions so that the trial court can restructure the entire sentencing scheme. **See Thur**, **supra**. Accordingly, we vacate the Judgment of Sentence in its entirety and remand for resentencing.

Order reversed. Judgment of Sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2017