JUSTICE TODD, Concurring
 

 This is the third in a series of recent decisions by our Court interpreting the contours of a defendant's Sixth Amendment right, pursuant to
 
 Alleyne
 
 ,
 
 [1]
 
 to have a jury find beyond a reasonable doubt any fact that increases his or her mandatory minimum sentence. Here, the fact of a conviction, which triggered the mandatory minimum sentence under 42 Pa.C.S. § 9718(a)(3), was found by a jury beyond a reasonable doubt. That being the case, Appellee's Sixth Amendment rights were not violated. Therefore, I join the ultimate conclusion of the Opinion Announcing the Judgment of the Court ("OAJC") that Appellee is not entitled to relief. However, like Justice Dougherty, whose concurrence I join in full, I cannot accept the OAJC's attempt to distinguish our Court's prior decision in
 
 Wolfe
 
 .
 
 [2]
 
 Indeed, in my view, the OAJC's flawed premise, that there is no "aggravating fact" in this case, OAJC at 20-21, creates a false distinction with
 
 Wolfe
 
 . The "fact" of the underlying conviction
 is the trigger for the mandatory minimum sentence, no different than the "fact" of the element of the underlying conviction in
 
 Wolfe
 
 was the trigger for the mandatory minimum sentence in that case. In essence, to reach its result, the OAJC advances my dissenting approach in
 
 Wolfe
 
 , which was joined by Justice Dougherty, an analysis a majority of this Court therein rejected. As a result, in my view, like that of Justice Dougherty, the OAJC should not give continued life to our erroneous decision in
 
 Wolfe
 
 , but should overrule it. Thus, for the reasons set forth below, I respectfully concur only in the result.
 

 By way of background, in its 2013 decision in
 
 Alleyne
 
 , the United States Supreme Court addressed the question of whether, under the Sixth Amendment, a conviction for using or carrying a firearm in relation to a crime of violence, which carried a mandatory minimum five-year sentence, and which was increased to a seven-year mandatory minimum sentence if a firearm was "brandished" when committing the crime, required a jury, rather than a judge, to find the fact of brandishing. Building upon its prior decision in
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 ,
 
 120 S.Ct. 2348
 
 ,
 
 147 L.Ed.2d 435
 
 (2000),
 
 [3]
 
 the high Court determined that a mandatory minimum sentence, like a mandatory maximum sentence, increases the penalty for a crime, and any fact that increases the penalty for a crime is an element that must be found by the jury; therefore, any fact that increases such a sentence is an element of a new aggravated offense, that must be submitted to the jury. Moreover, as an element of the offense, the factual predicate must be specifically alleged in the charging document, and the defendant has the right to have that fact determined by a jury beyond a reasonable doubt.
 
 Alleyne,
 

 133 S.Ct. at 2160-61
 
 .
 

 Our Court first grappled with the Sixth Amendment as interpreted by
 
 Alleyne
 
 two years ago in
 
 Commonwealth v. Hopkins
 
 ,
 
 632 Pa. 36
 
 ,
 
 117 A.3d 247
 
 (2015). In
 
 Hopkins
 
 , we considered the constitutionality of a sentence imposed upon a defendant for a conviction of delivery or possession with intent to deliver a controlled substance, with a mandatory minimum to be applied when that offense was committed by a defendant who was over 18 years of age, and within 1,000 feet of,
 
 inter alia
 
 , a school. 18 Pa.C.S. § 6317(a).
 
 [4]
 
 Defendant
 Kyle Hopkins urged that his mandatory minimum sentence under Section 6317 violated
 
 Alleyne
 
 as it was based upon facts-that the offender was over 18 years of age, and the proximity of the drug transaction to a school-that were not found by a jury, but rather by a judge pursuant to the "proof-at-sentencing" provisions in Section 6317(b). The Commonwealth, for its part, while conceding some sections of the sentencing statute were unconstitutional in light of
 
 Alleyne
 
 , nevertheless argued that those provisions were severable, and, thus, that the sentencing statute could still be enforced without them.
 

 Our Court reviewed Section 6317 and considered various provisions which, we found, were indeed unconstitutional after
 
 Alleyne
 
 . We detailed that, in particular, the proof-at-sentencing provisions in Section 6317(b) were in conflict with
 
 Alleyne
 
 , highlighting (1) that it was the sentencing court, rather than a jury, that rendered a factual determination regarding the age of the offender and the proximity of the drug transaction to the school; (2) that the legislature intended that mandatory minimum provisions were not to constitute an element of the crime; (3) that notice of the application of the mandatory minimum sentence was not required prior to conviction; (4) that the relevant fact finding required only a preponderance of the evidence; and (5) that the Commonwealth's right to appeal the fact finding determination raised double jeopardy concerns. Thus, we concluded that the sentencing provisions were unconstitutional under
 
 Alleyne
 
 .
 

 We then continued to the more difficult question of whether the statute could survive without these offensive provisions. We explained that, in determining the severability of a statute, the primary focus was on the legislative intent, and whether the statute, without the infirm provisions, could still function consistent with that intent. Further, we determined that the non-infirm provisions, standing alone, were incomplete and incapable of being carried out consistent with the intent of the General Assembly, especially the legislature's expression that the mandatory minimum sentencing triggers were not to be considered elements of a crime and that it did not intend Section 6317 to constitute a new
 aggravated offense. As our Court concluded that the statute could not survive without the invalid portions, we struck Section 6317 as violative of the Sixth Amendment and
 
 Alleyne
 
 .
 

 One year after our decision in
 
 Hopkins
 
 , our Court again explored the contours of a defendant's Sixth Amendment rights in
 
 Wolfe
 
 . In
 
 Wolfe
 
 , the Court was faced with another mandatory minimum sentence, containing the same proof-at-sentencing provisions.
 
 [5]
 
 However, in
 
 Wolfe
 
 , the sentence was not based upon a fact divorced from the underlying conviction; instead, the triggering fact was an element of the underlying crime. Specifically, Matthew Wolfe was convicted of involuntary deviate sexual intercourse ("IDSI") where the victim was less than 16 years of age. 18 Pa.C.S. § 3123(a)(7). Section 9718(a)(1) of the Sentencing Code, similar to Section 6317(a) at issue in
 
 Hopkins
 
 , requires imposition of a mandatory minimum sentence for a variety of crimes where the victims are less than 16 years of age, including IDSI crimes. 42 Pa.C.S. § 9718(a)(1). Therefore, given this overlap in the age requirement in the offense as well as the mandatory sentencing trigger, the fact that triggered the mandatory minimum sentence was also the fact that served as the basis of the underlying conviction. Thus, this fact was (1) stated in the information; (2) an element of the offense; (3) found by a jury; and (4) found beyond a reasonable doubt. Accordingly, Wolfe enjoyed his Sixth Amendment right to a jury determination of this fact which served as the trigger for the mandatory minimum sentence, and all of the other requirements of
 
 Alleyne
 
 were satisfied. Nevertheless, in a 4-2 decision, the
 
 Wolfe
 
 majority found the entirety of Section 9718 to be unconstitutional.
 

 Specifically, the
 
 Wolfe
 
 majority, instead of focusing on whether there was a constitutional violation, began with an examination of the sentencing statute and its similarities to the sentencing statute at issue in
 
 Hopkins
 
 . It initially set forth its premise that Section 9718"plainly and explicitly require[s] judicial fact-finding in its subsection (c)."
 
 Wolfe
 
 ,
 
 140 A.3d at
 
 660-61 (citing 42 Pa.C.S. § 9718(c) ("The applicability of this section shall be determined at sentencing ... by a preponderance of the evidence.") ). The majority continued that "subsection (c) is integral to the statute," rejecting the Commonwealth's assertion that subsection 9718(c) can be deemed to be "moot, dormant, or irrelevant-or can be otherwise disregarded or overlooked."
 
 Wolfe
 
 ,
 
 140 A.3d at 661
 
 . As such, the majority explained that the remainder of the sentencing statute could not be severed from its infirm proof-at-sentencing provisions. Thus, the core of the majority's analysis was that a mandatory minimum sentence implemented by proof-at-sentencing provisions, such as those found in Section 9718(c), was unconstitutional in its entirety because it was incapable of severance. While acknowledging the anomaly that the age of the victim was, in fact, an element of the underlying crime, and thus found by the jury, the majority nevertheless offered that the mandatory minimum statute must be regarded as creating a "distinct and aggravated crime,"
 

 id.
 

 (
 
 quoting
 

 Alleyne
 
 ,
 
 133 S.Ct. at
 
 2163 ), such that judicial fact finding is nonetheless required: "although the jury at Appellee's trial plainly decided that the victim was under sixteen years of age, the sentencing court was bound to make its own determination at sentencing,
 
 see
 
 42 Pa.C.S. § 9718(c), but it could not do so in a manner consistent with the Sixth Amendment to the United States
 Constitution, on account of
 
 Alleyne
 
 ."
 
 Wolfe
 
 ,
 
 140 A.3d at 661
 
 .
 

 Therefore, in
 
 Wolfe
 
 , although a jury determined beyond a reasonable doubt that the victim was under the age of 16, the majority explained that, because the sentencing court was also required to make that redundant determination at sentencing, imposition of the mandatory minimum sentence violated the Sixth Amendment. Indeed, the majority emphasized its broad holding stating that, "[b]ecause
 
 Alleyne
 
 invalidates material requirements of this statute, and because those provisions are non-severable per
 
 Hopkins
 
 ,
 
 the statute simply cannot be enforced by the judiciary in any respect
 
 ,"
 

 id.
 

 at 662 n.6 (emphasis added), and ultimately concluding that " Section 9718 is irremediably unconstitutional on its face, non-severable, and void,"
 

 id.
 

 at 663
 
 .
 

 In my dissent, joined by Justice Dougherty, I pursued a distinct analytical tack.
 
 Wolfe
 
 ,
 
 140 A.3d at 664
 
 (Todd, J., dissenting). Rather than starting with the sentencing statute, the dissenters first asked whether Wolfe's constitutional rights had been violated. In that regard, the dissenters observed that the fact which triggered the mandatory minimum sentence was not an extra or independent fact, as in
 
 Hopkins
 
 , but, rather, was already an element of the underlying criminal offense, listed in the information, and found by a jury. For this foundational reason, it was self-evident, in our view, that
 
 Alleyne
 
 was not implicated, and that Wolfe's constitutional rights were not violated. Furthermore, the dissenters disputed the
 
 Wolfe
 
 majority's assertion that, even though a jury found "in the abstract" the charged element beyond a reasonable doubt,
 

 id.
 

 at 662
 
 , nevertheless, a sentencing judge was also required to find the same fact by a lesser burden of proof, thus, violating Wolfe's Sixth Amendment rights. The dissenters observed that there was no support in
 
 Alleyne
 
 for the majority's ill-founded theory that the Sixth Amendment could be violated simply because a sentencing judge
 
 redundantly
 
 found a fact already found by the jury.
 

 Finally, the dissenters offered that, even if Section 9718 were infirm, the harmless error doctrine should apply, as embraced by numerous state and federal courts. This, according to the dissenters, was especially appropriate, as the jury actually found beyond a reasonable doubt the fact triggering the mandatory minimum sentence. The majority, however, rejected the dissenters' proffer, admonishing that "a finding of harmless error would sanction a residual longevity in small segments of an unseverable statute requiring unconstitutional actions on the part of judicial officers."
 

 Id.
 

 at 662 n.6. In short, in the view of the dissenters, the majority erred by finding the mandatory minimum statute to be infirm without first identifying the foundational constitutional violation to which Appellee was subjected.
 

 In the case
 
 sub judice
 
 , the final installment of this trilogy, the mandatory minimum sentence at issue-imposed pursuant to the very same statute that was the focus in
 
 Wolfe
 
 -was triggered by a fact already found by the jury, the
 
 underlying conviction itself
 
 .
 
 See
 
 42 Pa.C.S. § 9718(a)(3). Moreover, the same proof-at-sentencing provisions that served as the foundation for the majority's rejection of relief in
 
 Wolfe
 
 , Section 9718(c), are again at issue here. Yet, despite these seemingly dispositive similarities, the OAJC-rather than acting consistent with
 
 Wolfe
 
 and finding that, because the proof-at-sentencing provisions are void as found in
 
 Wolfe
 
 , and, thus, that Appellee is entitled to relief-curiously attempts to distinguish
 
 Wolfe
 
 . In doing so, the OAJC,
 
 sub silento
 
 , adopts the dissenters' approach in
 
 Wolfe
 
 .
 

 First, it is noteworthy that the OAJC does not begin its analysis with an assessment of the viability of the proof-at-sentencing provisions, as the majority did in
 
 Wolfe
 
 . Rather, like the dissenters in
 
 Wolfe
 
 , the OAJC first, and appropriately, considers whether Appellee's Sixth Amendment rights were violated.
 

 Next, the foundation to the OAJC's analysis is essentially that the underlying conviction that triggers the mandatory minimum is not an
 
 Alleyne
 
 "fact," whereas, by contrast, the age-of-victim element at issue in
 
 Wolfe
 
 was an
 
 Alleyne
 
 fact.
 
 See
 
 OAJC at 20 (finding "subsection (a)(3) requires no proof of any predicate or aggravating facts."). This foundation is faulty. There is no apparent difference between an underlying conviction serving as a trigger for a mandatory minimum sentence, and the subset thereof of an element of the underlying crime serving as a trigger. While the Supreme Court has not provided a definition of what constitutes an
 
 Alleyne
 
 fact, the clear import of its decisions in this area is that any trigger for a mandatory minimum sentence must be found by a jury. Indisputably, both the underlying conviction here, and the underlying element in
 
 Wolfe
 
 (
 
 i.e.
 
 , the age of the victim), triggering Section 9718's mandatory minimum sentences, were found by a jury beyond a reasonable doubt, thereby satisfying
 
 Alleyne
 
 . Additionally, the OAJC's assertion that the underlying conviction at issue in this matter "is itself a contemporaneous jury determination, and the concern of
 
 Alleyne
 
 is with sentencing enhancements tied to facts to be determined by a judge at sentencing," OAJC at 21, is equally applicable to the age-of-victim element which the jury found in
 
 Wolfe
 
 . Yet, somehow, a constitutional violation was found in
 
 Wolfe
 
 , but, no violation is found in the OAJC. It is in my view, entirely illogical for the OAJC to come to the result it reaches today, but keep
 
 Wolfe
 
 intact.
 

 Further, the OAJC jettisons the primary rationale used in
 
 Wolfe
 
 -that Section 9718(c) requires judicial fact finding in violation of
 
 Alleyne
 
 -by now asserting that Section 9718(c)'s proof-at-sentencing provisions are mere redundancies, again adopting the logic of the dissenters in
 
 Wolfe
 
 . Specifically, the
 
 Wolfe
 
 majority explicitly recognized the anomaly that the age-of-victim determination was an element of the underlying offense; yet, it found that that fact did not alter its "core assessment" that Section 9718 created a "distinct and aggravated crime" and that the "statute's directive for judicial fact-finding attaches to that aggravated crime notwithstanding a jury verdict; and that sentencing judges are not free to disregard such explicit legislative mandates by substituting their own procedures."
 
 Wolfe
 
 ,
 
 140 A.3d at 661
 
 .
 

 The
 
 Wolfe
 
 dissenters explicitly challenged this concern regarding redundant fact finding, noting that "the [
 
 Wolfe
 
 ] majority cites nothing to suggest the
 
 Alleyne
 
 Court was concerned about a judge making factual findings redundant to those of the jury."
 
 Wolfe
 
 ,
 
 140 A.3d at 669
 
 (Todd, J., dissenting);
 

 id.
 

 at 670
 
 (rejecting the majority's conclusion that Wolfe's "Sixth Amendment jury trial rights were nonetheless impaired because a sentencing judge redundantly found this same fact by a lesser burden of proof"). Nonetheless, the
 
 Wolfe
 
 majority found the statutory framework unenforceable "in any respect".
 
 Wolfe
 
 ,
 
 140 A.3d at
 
 662 n.6. Yet, herein, the OAJC dismisses the same proof-at-sentencing provisions as merely "awkward" or "superfluous," and contends that "no proof of any facts is required at sentencing." OAJC at 21. The OAJC thus transforms the "core" defects in
 
 Wolfe
 
 into mere gratuities today.
 

 Finally, the OAJC's severance analysis is irreconcilable with that employed in
 
 Wolfe
 
 . The OAJC individually dissects the various subsections of Section 9718-(a)(1), (a)(2), and (a)(3) -to see if they are inseparably connected, and ultimately able to survive constitutional infirmity. This approach, however, is in direct conflict with
 
 Wolfe
 
 , which, as noted above, looked at the entire statute and struck it in its entirety.
 
 Wolfe
 
 ,
 
 140 A.3d at 663
 
 (finding " Section 9718 is irremediably unconstitutional on its face, non-severable, and void"). Indeed, the dissenters in
 
 Wolfe
 
 offered the very same individualized approach taken by the OAJC today, distinguishing the other criminal offenses referred to in Section 9718, and calling out the very subsection we address today:
 

 While the triggering fact for the mandatory minimum sentence under Section 9718 is, in this case, the same fact that is an element of the underlying criminal offense at Section 3123(a)(7), the vast majority of other criminal offenses referred to in Section 9718 follow the factual situation which gave rise to
 
 Alleyne,
 
 in that the fact that triggers the mandatory minimum sentence is independent of the facts constituting the elements of the underlying criminal offense. Indeed, of the 21 criminal offenses referenced in Section 9718(a)(1) and (2), only three, 18 Pa.C.S. § 3123(a)(7), (b) and (c), subsume the same factual predicate as that required for imposition of the mandatory minimum sentence. Additionally, I note that the convictions themselves of four offenses, 18 Pa.C.S. § 121(c) and (d), 18 Pa.C.S. § 3125(a)(7), and 18 Pa.C.S. § 3125(b), serve as the necessary trigger for the mandatory minimum sentences provided in Section 9718(a)(3). Respecting this last situation, the issue of the validity under
 
 Alleyne
 
 of a mandatory minimum sentence imposed simply on the basis of the conviction of an underlying crime is raised in a petition for allowance of appeal that is currently before our Court in
 
 Commonwealth v. Resto,
 
 774 MAL 2015.
 

 Wolfe
 
 ,
 
 140 A.3d at
 
 665 n.3 (Todd, J., dissenting).
 

 Yet, the majority in
 
 Wolfe
 
 firmly rejected this approach on the basis of its conclusion that Section 9718(c)'s overarching requirement of judicial fact finding was unconstitutional:
 

 [W]e believe that our analysis is straightforward and rests on far firmer foundation than the dissent's position that
 
 small segments
 
 of a statute that is otherwise irreparably unconstitutional on its terms should be preserved on account of an anomaly, and despite suffering from the same, integral, explicit statutory directive for sentencing courts to perform what is now unconstitutional judicial fact finding.
 

 Wolfe
 
 ,
 
 140 A.3d at
 
 661 n.5 (emphasis added);
 
 see also
 

 id.
 

 at 662 n.6 (offering, in rejecting the dissenters' harmless error analysis, that "a finding of harmless error would sanction a residual longevity in
 
 small segments
 
 of an unseverable statute requiring unconstitutional actions on the part of judicial officers." (emphasis added) ). The "small segments" the Court dismissed as an apparent irrelevancy in
 
 Wolfe
 
 are the sections the OAJC strives to preserve today.
 

 Plainly,
 
 Wolfe's
 
 rationale and the OAJC's approach
 
 sub judice
 
 cannot both stand.
 
 Wolfe's
 
 emphatic unconditional language directly contradicts the OAJC's assertion that "some passages of
 
 Wolfe
 
 are written in overbroad terms to the degree that they disapprove Section 9718 as a whole," its claim that
 
 Wolfe
 
 used "loose
 language," and its urging that the decision "is to be read against its facts." OAJC at 22-23. On the contrary,
 
 Wolfe's
 
 all-encompassing approach was unmistakable. Perhaps acknowledging the same, the OAJC continues that, "even if the relevant references to Section 9718 as a whole were not
 
 dictum
 
 , the doctrine of
 
 stare decisis
 
 does not apply to pronouncements that are not adequately supported in reason." OAJC at 22. I wholeheartedly agree with this sentiment, but the OAJC's concession is too narrow. Its
 
 post hoc
 
 rewrite of
 
 Wolfe
 
 is unsupportable-we should either continue to follow
 
 Wolfe's
 
 misguided construct and grant relief, or overrule that decision
 
 in toto
 
 . Given that there is no constitutional violation to correct here (nor was there in
 
 Wolfe
 
 ), the law commands the latter. Indeed, it is seldom that we are so rapidly confronted with the error of a decision. But when we are, we should acknowledge it, and not work around it, thereby perpetuating our mistake.
 

 For all of these reasons, I concur only in the result reached by the OAJC.
 

 In relevant part, Section 9712.1 provides:
 

 (a) Mandatory sentence.-
 
 Any person who is convicted of section 13(a)(30) of [35 P.S. § 780-113 ], known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.
 

 ...
 

 (c) Proof at sentencing.-
 
 Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.
 

 42 Pa.C.S. § 9712.1
 

 Section 1925 provides:
 

 § 1925. Constitutional construction of statutes
 

 The provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.
 

 1 Pa.C.S. § 1925.
 

 Wolfe
 
 came to this Court following the Commonwealth's appeal from the published Superior Court decision in
 
 Commonwealth v. Wolfe
 
 ,
 
 106 A.3d 800
 
 (Pa. Super. 2014). Writing for the panel of the Superior Court, I concluded Wolfe was entitled to resentencing based on the decision in
 
 Newman
 
 . I made clear that despite my disagreement with
 
 Newman's
 
 severability analysis, "it is binding on the [Superior Court] and must be applied in a principled manner in all future cases unless reversed by the Supreme Court."
 
 Wolfe
 
 , 106 A.2d at 803 n. 4.
 

 As noted throughout, since the courts began grappling with
 
 Alleyne
 
 -premised challenges, I have been of the view that as long as the factfinder decides the predicate fact beyond a reasonable doubt, a sentencing court may impose a mandatory minimum sentence. However, I have equally recognized the importance of applying legal precedent in a principled and even manner. In my judgment, because the bench and the bar rely on this Court to provide clear guidance on legal issues, we should strive to adhere to the doctrine of stare decisis.
 
 See
 

 Stilp v. Commonwealth
 
 ,
 
 588 Pa. 539
 
 ,
 
 905 A.2d 918
 
 , 966-67 (2006).
 

 Compare
 
 42 Pa.C.S. § 9718(c)
 
 with
 
 18 Pa.C.S. § 6317(b).