J-S13027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES R. HOUSEHOLDER | |
| Appellant | No. 1001 WDA 2015 |

Appeal from the Judgment of Sentence Entered April 14, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at Nos: CP-65-CR-0004746-2012, CP-65-CR-0004747-2012, CP-65-CR-0004748-2012

BEFORE:  LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:            **FILED SEPTEMBER 22, 2016**

Appellant, James Householder, appeals from the April 14, 2015 judgment of sentence entered in the Court of Common Pleas of Westmoreland County following his sentence to an aggregate twenty-four to forty-eight years of incarceration.  Upon review, we affirm.

The trial court summarized the relevant background as follows.

[Appellant], was charged with the following crimes:

At Case Number 4746 C 2012:

Count 1 - Criminal Attempt - Rape of a Child, 18 Pa.C.S.A.
§ 901(a), 1st degree felony.  (Swissvale)

_____

[*] Former Justice specially assigned to the Superior Court.

Count 2 - Criminal Attempt - Aggravated Indecent Assault, 18 Pa.C.S.A. § 901(a), 2nd degree felony. (Swissvale)

Count 3 - Indecent Assault of a Child, 18 Pa.C.S.A. § 3126(a)(7), 1st degree misdemeanor. (Swissvale)

Count 4 - Criminal Attempt - Rape of a Child, 18 Pa.C.S.A. § 901(a), 1st degree felony. (Arnold)

Count 5 - Criminal Attempt - Aggravated Indecent Assault, 18 Pa.C.S.A. § 901(a), 1st degree felony. (Arnold)

Count 6 - Indecent Assault of a Child, 18 Pa.C.S.A. § 3126(a)(7), 3rd degree felony. (Arnold)

Count 7 - Criminal Attempt - Rape of a Child, 18 Pa.C.S.A. § 901(a), 1st degree felony. (Lower Burrell)

Count 8 - Involuntary Deviate Sexual Intercourse - Less than 13 Years of Age, 18 Pa.C.S.A. § 3123(b), 1st degree felony. (Lower Burrell)

Count 9 - Aggravated Indecent Assault, 18 Pa.C.S.A. § 3125(b), 1st degree felony. (Lower Burrell)

Count 10 - Indecent Assault of a Child, 18 Pa.C.S.A. § 3126(a)(7), 3rd degree felony. (Lower Burrell)

Count 11 - Indecent Assault - lack of consent, 18 Pa.C.S.A. § 3126(a)(1), 2nd degree misdemeanor. (Lower Burrell)

Count 12 - Indecent Assault - lack of consent, 18 Pa.C.S.A. § 3126(a)(1), 2nd degree misdemeanor. (Allegheny Township)

Count 13 - Endangering Welfare of Children, 18 Pa.C.S.A. § 4304(a)(1), 3rd degree felony.

Count 14 - Indecent Exposure, 18 Pa.C.S.A. § 3127(a), 1st degree misdemeanor.

Count 15 - Corruption of Minors, 18 Pa.C.S.A. § 6301(a)(1), 1st degree misdemeanor.

Count 16 - Corruption of Minors, 18 Pa.C.S.A. § 6301(a)(1)(ii), 3rd degree felony.

At Case Number 4747 C 2012:

Count 1 - Indecent Assault - forcible compulsion, 18 Pa.C.S.A. § 3126(a)(2), 1st degree misdemeanor. (Lower Burrell)

Count 2 - Indecent Assault on a child under 16, [Appellant] at least 4 years older, 18 Pa.C.S.A. § 3126(a)(8), 2nd degree misdemeanor. (Lower Burrell)

Count 3 - Indecent Assault - forcible compulsion, 18 Pa.C.S.A. § 3126(a)(2), 1st degree misdemeanor. (Natrona)

Count 4 - Indecent Assault on a child under 16, [Appellant] at least 4 years older, 18 Pa.C.S.A. § 3126(a)(8), 2nd degree misdemeanor. (Natrona)

Count 5 - Criminal Attempt - Aggravated Indecent Assault, 18 Pa.C.S.A. § 901(a), 2nd degree felony. (Allegheny Township)

Count 6 - Indecent Assault - forcible compulsion, 18 Pa.C.S.A. § 3126(a)(2), 1st degree misdemeanor. (Allegheny Township)

Count 7 - Indecent Assault - lack of consent, 18 Pa.C.S.A. § 3126(a)(1), 2nd degree misdemeanor. (Allegheny Township)

Count 8 - Indecent Assault - forcible compulsion, 18 Pa.C.S.A. § 3126(a)(2), 1st degree misdemeanor.

Count 9 - Indecent Assault on a child under 16, [Appellant] at least 4 years older, 18 Pa.C.S.A. § 3126(a)(8), 2nd degree misdemeanor.

Count 10 - Unlawful Contact or Communication With Minor, 18 Pa.C.S.A. § 6318(a)(1), 3rd degree felony.

Count 11 - Corruption of Minors, 18 Pa.C.S.A. § 6301(a)(1)(ii), 3rd degree felony.

Count 12 - Corruption of Minors, 18 Pa.C.S.A. § 6301(a)(1), 1st degree misdemeanor.

Count 13 - Indecent Exposure, 18 Pa.C.S.A. § 3127(a), 2nd degree misdemeanor.

Count 14 - Criminal Use of a Communication Facility, 18 Pa.C.S.A. § 7512(a), 3rd degree felony.

At Case Number 4748 C 2012:

Count 1 - Indecent Assault of a Child, 18 Pa.C.S.A. § 3126(a)(7), 3rd degree felony.

Count 2 - Indecent Assault - lack of consent, 18 Pa.C.S.A. § 3126(a)(1), 2nd degree misdemeanor.

Count 3 - Indecent Assault on child under 16, [Appellant] at least 4 years older, in 18 Pa.C.S.A. 3126(a)(8), 2nd degree misdemeanor.

Count 4 - Unlawful Contact or Communication With Minor, 18 Pa.C.S.A. § 6318(a)(1), 3rd degree felony.

The charges stem from an investigation by Detective Scott A. Cardenas (hereinafter "Det. Cardenas") of the Lower Burrell Police Department into the report received from Westmoreland County Children's Bureau regarding suspected child sexual abuse of S.A., E.B., and E.S. The initial report indicated that a female juvenile, E.B. had disclosed that she had been sexually assaulted by a known adult male, [Appellant]. During Det. Cardenas' interview of E.B., E.B. reported that she believed two other female juvenile's, S.A. and E.S., had also been sexually assaulted by [Appellant]. During their interviews, both S.A. and E.S. reported that [Appellant] had sexually assaulted them. Following [Appellant]'s arrest, Magisterial District Judge Cheryl J. Peck-Yakopec conducted a preliminary hearing on December 4, 2012, and held the case for court. A criminal information was filed at each case number charging [Appellant] with the above-mentioned crimes. On January 28, 2013, the Commonwealth filed notice of its intent to consolidate the three above-captioned cases for trial. Jury selection commenced on August 4, 2014, and a trial by jury was conducted August 5, 2014 through August 8, 2014.

On August 8, 2014, with the exception of Count 1 at case number 4746 C 2012, which was withdrawn by the Commonwealth during the trial, [Appellant] was found guilty on all counts at each case number. At that time, bond was revoked, a Pre-Sentence Investigation and a SORNA[, Sex Offender Registration and Notification Act,] Assessment were ordered, and, at the request of [Appellant], Defense Counsel's Motion to Withdraw was granted. On August 12, 2014, Brian D. Aston, Esquire was appointed to represent [Appellant]. On September 17, 2014, at case number 4746 C 2012, the Commonwealth provided notice of its intent to proceed under the mandatory sentencing provisions of 42 Pa.C.S.A. § 9718 with respect to:

> Count 8, Involuntary Deviate Sexual Intercourse, 18 Pa.C.S.A. § 3123(b). Pursuant to 42 Pa.C.S.A. § 9718(a)(1), [Appellant] shall be sentenced to a mandatory term of imprisonment not less than ten years.

> Count 9, Aggravated Indecent Assault of a Child, 18 Pa.C.S.A. § 3125(b). Pursuant to 42 Pa. C.S.A. § 9718(a)(3), [Appellant] shall be sentenced to a mandatory term of imprisonment not less than ten years.

On October 21, 2014, the Commonwealth filed a Praecipe pursuant to 42 Pa.C.S.A. § 9795.4 to request a sexually violent predator determination hearing and the same was granted.

On November 24, 2014, after the Sexually Violent Predator Hearing and Sentencing Hearing were held, this [c]ourt found [Appellant] to be [a] Tier III Sexually Violent Predator. At Count 8 of case number 4746 C 2012, pursuant to the mandatory sentencing provisions of 42 Pa.C.S.A. § 9718(a)(1), [Appellant] was sentenced to a state correctional institution for a period of not less than ten (10) years nor more than twenty (20) years. At Count 9, pursuant to the mandatory sentencing guidelines of 42 Pa.C.S.A. § 9718(a)(3), [Appellant] was sentenced to a period of not less than ten (10) years nor more than twenty (20) years, consecutive to Count 8. All other Counts at said case number were sentenced within the sentencing guidelines standard range and were sentenced concurrent to Count 8.

At Count 5 of case number 4747 C 2012, [Appellant] was sentenced to a state correctional institution for a period of not less than three (3) years nor more than six (6) years, consecutive to case number 4746 C 2012. With the exception of Count 7, which merged with Count 5 for sentencing purposes, all other Counts at said case number were sentenced within the sentencing guidelines standard range and were sentenced concurrent to Count 5.

At Count 1 of case number 4748 C 2012, [Appellant] was sentenced to a state correctional institution for a period of not less than one (1) year nor more than two (2) years consecutive to case numbers 4746 C 2012 and 4747 C 2012. All other Counts at said case number were sentenced within the standard range and concurrent to Count 1. [Appellant] was determined to not be RRRI eligible and was given credit for time served at all three case numbers. . . .

. . . .

At case number 4746 C 2012, female victim, S.A., testified that she was five years old when [Appellant], her stepfather and whom she knew as "dad," started touching her inappropriately. N.T. [Jury Trial (N.T.), 8/4-8/14, at] 187. At the time, S.A., her sister, L.A., their mother, and [Appellant] resided in Swissvale, Pennsylvania. [*Id.*] . . . [Appellant]'s sexual abuse progressed when the family moved to Arnold, Pennsylvania. [*Id.* at] 192-193. At that time, S.A. was in second grade and around seven or eight years old. [*Id.* at] 192, 197. . . .

Around December of 2003, when S.A. was approximately eight years old and in third grade, [Appellant] and S.A.'s mother separated and [Appellant] moved into his mother's house in Lower Burrell. [*Id.* at] 200-201. S.A. and L.A. would spend each weekend, including overnights, and evening weekday visits, with [Appellant] at his mother's house. [*Id.* at] 201. In the Lower Burrell home, [Appellant], on more than one occasion, continued to touch S.A.'s unclothed vagina with his hand and penis. [*Id.* at] 203-204. When she was approximately eleven to thirteen years old, [Appellant] continued touching her in that manner, but he also began to orally lick S.A.'s vagina on numerous occasions. [*Id.* at] 203. . . .

S.A. hit puberty when she was around eleven to thirteen years old. [*Id.* at] 208. Around that time, S.A. started

developing breasts and S.A. testified that once she developed breasts, [Appellant] would, underneath her clothing, touch her breasts with his hands and orally lick them. [*Id.* at] 208. . . . S.A. and E.B. met in sixth grade at school and became best friends. [*Id.* at] 210. When S.A. and E.B. were in eighth or ninth grade, E.B. started going to [Appellant]'s mothers' house in Lower Burrell with S.A. and L.A. [*Id.* at] 210-211, 239. . . .

. . . .

In early 2012, when S.A. was approximately sixteen years old, [Appellant] moved into his own apartment in Allegheny Township where S.A., L.A., and E.B. continued to visit. [*Id.* at] 220-221, 260-261. At that location, S.A. saw [Appellant] expose himself and masturbate in the kitchen in front of S.A. and E.B. [*Id.* at] 221. Although S.A. was not aware because she was sleeping, E.B. told S.A. that, while S.A. was sleeping, [Appellant] was doing things to her. [*Id.* at] 222-224. S.A. did not tell any adult about the sexual abuse until, in 2012, E.B. told her boyfriend and his family contacted the police. [*Id.* at] 225-226. When S.A. became aware that the police had been notified, S.A. told her mother about the years of sexual abuse, although without E.B.'s disclosure, S.A. had no intention of telling anyone. [*Id.* at] 226.

At Case Number 4748 C 2012, E.S. testified that S.A. and L.A. are her cousins and that she knows E.B. as S.A. and L.A.'s friend. [*Id.* at] 271-272. In approximately 2007 or 2008, when E.S. was in fifth grade and about ten or eleven years old, [Appellant] would bring S.A., L.A., and E.B. to E.S.'s father's house in Natrona, PA. [*Id.* at] 272-273, 285. [Appellant], S.A., L.A., and E.B. would stay overnight at the house for a few days. [*Id.* at] 274. E.S. stated that [Appellant] would invade her personal space and touch her in ways that she really didn't want him to in the house. [*Id.* at] 275-276. Specifically, E.S. testified that [Appellant] would touch her chest and bottom area by grabbing her with his hands. [*Id.* at] 276. Regarding [Appellant] touching her chest, E.S. stated that [Appellant] "would pick [her] up and spin [her], or he would grab [her] and not let [her] go." [*Id.*]. Most of the time, [Appellant] would touch her on top of her clothing, however, occasionally he would touch her underneath her clothing. [*Id.* at] 277. . . .

E.S. testified that she saw [Appellant] do the same type of things to E.B. and S.A. [*Id.* at] 279-281. In the house and on multiple occasions, E.S. saw [Appellant] touch E.B.'s chest underneath and on top of her clothing with his hand and saw [Appellant] touch E.B.'s butt and crotch on top of her clothing with his hand. [*Id.* at] 281. . . . E.S. also saw [Appellant] grab S.A.'s chest during horseplay and when S.A. was sleeping. [*Id.* at] 289. . . .

At Case Number 4747 C 2012, E.B. testified that she and S.A. became friends in sixth grade. [*Id.* at] 346-347. During that school year, E.B. started sleeping over with S.A. at [Appellant]'s mothers' house in Lower Burrell. [*Id.* at] 348. When E.B. was around twelve years old and she and S.A. were sleeping on an air mattress at the Lower Burrell house, [Appellant] started touching her breasts underneath her clothes, but on top of her bra. [*Id.* at] 350, 366. E B. testified that S.A. said the same thing was happening to her. [*Id.* at] 352. . . .

. . . .

E. B. did not disclose the abuse until she had a breakdown during a self defense class that she was taking in August of 2012. [*Id.* at] 369. At that time, she disclosed the abuse to her boyfriend and his family, who then contacted the police. [*Id.* at] 369-370. E.B. testified that she did not want [Appellant] to touch her, she did not consent to it, and she only returned to the house for the sleepovers because she wanted to still be friends with S.A., protect S.A., and make sure S.A. didn't get hurt. [*Id.* at] 371-372. E.B. did not disclose the abuse because she was concerned that S.A. would be mad at her and because they agreed, after disclosing the abuse to each other, that they wouldn't say anything to anyone. [*Id.* at] 372-373. E.B. and S.A. have not been friends since E.B. reported the abuse. [*Id.* at] 371. E.B. testified that [Appellant] touched her inappropriately from the time she was thirteen years old until she was eighteen years old. [*Id.* at] 380.

Trial Court Opinion (T.C.O.), 3/6/15, at 1-10.

After imposition of his November 24, 2014 sentence, on December 4, 2014, Appellant timely filed a post-sentence motion alleging, *inter alia*, that

the verdict was against the weight of the evidence and that he was serving an illegal sentence. A hearing on Appellant's post-sentence motion was held on January 16, 2015. On March 6, 2015, the trial court issued its opinion, wherein, the trial court denied Appellant's weight claim and determined that Appellant's sentence imposed on Counts 8 and 9 of case number 4746 C 2012 was indeed illegal in light of **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014) *appeal granted*, 121 A.3d 433 (Pa. 2015).[1] The trial court resentenced Appellant on April 14, 2015, determining that the initial period of incarceration of ten to twenty years on each of Count 8 and Count 9 was appropriate.

On June 22, 2015, the trial court granted Appellant's petition to appeal *nunc pro tunc*. As ordered, Appellant filed a Pa.R.A.P. 1925(b) statement of errors. As the issues Appellant raised in his Rule 1925(b) statement were the same as in his post-sentence motion, the trial court adopted its March 6, 2015 opinion as its Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises two issues for our review:

1. Whether the jury erred by finding there was sufficient evidence to convict [Appellant] of all of the charges in the instant matter.

2. Whether the verdicts of guilt in the instant matter were rendered against the weight of the evidence.

_____

[1] On Counts 8 and 9 of case number 4746 C 2012, the trial court sentenced Appellant pursuant to 42 Pa.C.S. § 9718(a)(1), a mandatory minimum sentencing provision that this Court had since declared unconstitutional. **See Wolfe**, 106 A.3d 800.

Appellant's Brief at 3.

Appellant first challenges the sufficiency of the evidence. In reviewing a sufficiency of the evidence claim, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." *Commonwealth v. Stevenson*, 894 A.2d 759, 773 (Pa. Super. 2006). Additionally, we do not reweigh evidence, substituting our judgement for that of the fact-finder. *Id.* "The fact-finder, when evaluating the credibility and weight of the evidence, is free to believe all, part, or none of the evidence." *Id.* "The evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding an [Appellant]'s guilt unless the evidence is so weak and inconclusive that as a matter of law no facts supporting a finding of guilt may be drawn." *Id.*

Appellant challenges sufficiency with respect to his charges of criminal attempt, indecent assault, involuntary deviate sexual intercourse, aggravated indecent assault, endangering welfare of children, indecent exposure, corruption of minors, unlawful contact with a minor, and criminal use of communication facility.[2] Appellant argues only that, to the extent age is an element of the aforementioned crimes, there was "insufficient evidence

_____

[2] Respectively, 18 Pa.C.S.A. § 901, 3126, 3123, 3125, 4304, 3127, 6301, 6318, and 7512.

to support findings concerning the ages of the individuals at the time the incidents allegedly occurred." Appellant's Brief at 15.

To the contrary, the ages of the victims, S.A., E.S., and E.B., are readily discernable from the record. As the trial court noted, S.A., E.S., and E.B. testified that they were, respectively, five, ten or eleven, and twelve years old at the time Appellant began touching them inappropriately. T.C.O., 3/6/15, at 5-8; *see, e.g.*, N.T., 8/4-8/14/14, at 187, 271-273, 285, 350. Further, as detailed above, the victims testified the abuse occurred consistently for several years. There was ample evidence to support findings concerning the victims' ages. Appellant is therefore not entitled to relief on his first issue.

In his second issue, Appellant alleges the verdict is against the weight of the evidence. Appellant has preserved his weight claim through his post-sentence motion. Pa.R.Crim.P. 607. We review a challenge to the weight of the evidence according to the following standard.

> The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal [Appellant] then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.
>
> When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court

determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

*Commonwealth v. Street*, 69 A.3d 628, 633 (Pa. Super. 2013) (citation omitted).

Appellant asserts the verdict is against the weight of the evidence, because "[t]he alleged victims were not definitive enough to allow a jury to determine their ages at the time of the alleged inappropriate contact," "the testimony between the various alleged victims was conflicting," and "their testimony conflicted with statements given to the police and their prior testimony." Appellant's Brief at 15-16. Appellant claims that these "inconsistencies" render the victims' testimony "suspect and unreliable" and we should therefore vacate Appellant's judgment of sentence.

Appellant's failure to adequately specify how the victims' testimony failed to indicate at what ages the victims were at the time Appellant began his inappropriate contact with them, what part or parts of the victims' testimony were conflicting, and what part or parts of the victims' testimony conflicted with which statements given to the police or with which prior testimony may constitute sufficient grounds to find waiver on these issues.

*See* Pa.R.A.P. 2119(c). Nonetheless, we will address Appellant's weight claim to the extent we are able to discern Appellant's arguments.

In disposing of Appellant's weight claim, the trial court held the following.

> In the case *sub judice*, each victim testified regarding the multiple incidents of sexual abuse perpetrated by [Appellant]. [Appellant] argues that the testimony between the various victims conflicted with statements given to police and their prior testimony and, during the trial, prior defense counsel questioned the witnesses regarding alleged inconsistencies. Ultimately, the jury found [Appellant] guilty beyond a reasonable doubt of all thirty-three (33) counts. The jury was certainly capable of determining whether to believe all, part, or none of the evidence with respect to whether the Commonwealth met its burden with respect to each count and to determine the credibility of each witness. Based upon this [c]ourt's review of the entire record, this [c]ourt does not find that the jury's verdict is so contrary to the evidence as to shock this [c]ourt's sense of justice. Therefore, this [c]ourt does not find that the jury's verdict was against the weight of the evidence.

T.C.O., 3/6/15, at 16-17. Additionally, the trial court found the victims' testimony credible, noting that, "during the trial, each victim testified to the type of abuse that occurred at each location and their approximate age at the time." *Id.* at 16. As Appellant has not indicated which "inconsistencies" within the nearly 700 pages of the notes of testimony from the jury trial render the victims' testimony "suspect and unreliable," we agree with the trial court's determination that the jury heard defense counsel's questioning regarding any "alleged inconsistencies" and could have reasonably determined Appellant's guilt. Accordingly, we hold the trial court did not

abuse its discretion in finding the jury's verdict was not shocking to one's sense of justice.

As Appellant is not entitled to relief on either of his issues raised on appeal, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Lazarus joins this memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2016