J-S17019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN WAYNE BUTZ | |
| Appellant | No. 1235 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 23, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0002488-2011

BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 03, 2020**

Appellant John Wayne Butz appeals *nunc pro tunc* from the September 23, 2016 judgment of sentence entered in the Court of Common Pleas of Luzerne County ("trial court"), following a resentencing hearing held pursuant to **Alleyne** and **Wolfe**.[1]  Upon review, we affirm in part and reverse in part.

The facts and procedural history of this case are undisputed.[2]  In connection with incidents that occurred between May 2008 and January 2010,

---

[1] **Alleyne v. United States**, 133 S. Ct. 2151, 2161-63 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt) and **Commonwealth v. Wolfe**, 106 A.3d 800, 806 (Pa. Super. 2014) (holding that, consistent with **Alleyne**, a mandatory minimum sentence imposed pursuant to 42 Pa.C.S.A. § 9718 for offenses against infant persons is unconstitutional), **aff'd**, 140 A.3d 651 (Pa. 2016).

[2] Unless otherwise specified, these facts come from the trial court's September 25, 2019 opinion and this Court's February 27, 2014 Memorandum.  **See** Trial

Appellant was charged with rape of a child, involuntary deviate sexual intercourse ("IDSI") of a person less than sixteen years old, statutory sexual assault, aggravated indecent assault of a person less than sixteen years old, indecent assault of a person less than thirteen years old, and corruption of minors.[3] On October 24, 2012, a jury found Appellant guilty of the foregoing crimes. Prior to sentencing, the trial court ordered a presentence investigation (PSI) report and a Sexual Offender Assessment Board (SOAB) evaluation. On March 15, 2013, the trial court held a sentencing hearing, at which a representative of SOAB testified that Appellant had met the criteria to be classified as a sexually violent predator (SVP).[4] Based on the evidence presented, the trial court determined Appellant to be a SVP. The trial court also sentenced Appellant to an aggregate term of 22 to 44 years' imprisonment. Finally, the trial court ordered Appellant to register for life as a Tier III sexual offender under SORNA.[5] Appellant did not file any post-

---

Court Opinion, 9/25/19, at 1-3; *see Commonwealth v. Butz*, No. 734 MDA 2013, unpublished memorandum, at 1-2 (Pa. Super. filed February 27, 2014).

[3] 18 Pa.C.S.A. §§ 3121(c), 3123(a)(7), 3122.1, 3125(a)(8), 3126(a)(7) and 6301(a)(1)(i), respectively.

[4] When Appellant committed the crimes, sexual offender registration and notification requirements were set forth in what was commonly referred to as Megan's Law, 42 Pa.C.S.A. §§ 9791-9799.9. However, at the time of his sentencing, Megan's Law had been replaced by the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41, effective December 20, 2012.

[5] *See* 42 Pa.C.S.A. § 9799.14(d) (defining, *inter alia*, rape, aggravated indecent assault, and indecent assault of a person less than 13 years of age as a Tier III offense); 42 Pa.C.S.A. § 9799.15(a)(3) (requiring Tier III offenders to register as sex offender for life).

sentence motions. On February 27, 2014, a panel of this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Butz*, 97 A.3d 816 (Pa. Super. filed February 27, 2014). On August 13, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Butz*, 97 A.3d 742 (Pa. 2014).

Appellant subsequently sought and was granted post-conviction relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46, on his mandatory minimum sentence claim under *Alleyne* and *Wolfe*. On September 23, 2016, the trial court resentenced Appellant to an aggregate term of 17 to 39 years' imprisonment. Appellant filed post-sentence motions, which the trial court denied. Appellant did not file a direct appeal.

On September 11, 2017, Appellant *pro se* filed a PCRA petition, seeking the reinstatement of his direct appeal rights. The PCRA court appointed counsel, who filed a supplemental petition challenging Appellant's SVP designation and his lifetime registration requirement under SORNA. Following a hearing, the PCRA court reinstated *nunc pro tunc* Appellant's direct appeal rights on June 28, 2019. Appellant timely filed a notice of appeal. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents two issues for our review.[6] First, Appellant argues that, under *Commonwealth Muniz*, 164 A.3d 1189 (Pa. 2017), his lifetime registration and reporting requirements are unconstitutional. Second, he argues that, under *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (*Butler I*), his SVP designation is illegal.

Because Appellant's issues on appeal implicate legality of sentence and thus present a question of law, our standard of review is *de novo* and our scope of review is plenary. *See Muniz*, 164 A.3d at 1195.

We first address Appellant's argument that his lifetime registration and reporting requirements under SORNA are unconstitutional under *Muniz*. Like the Commonwealth and the trial court, we agree.

The legislature enacted SORNA on December 20, 2011, and it became effective one year later, on December 20, 2012. Although SORNA and Megan's Law both carry lifetime registration requirements for, *inter alia*, rape, SORNA has more extensive reporting requirements than Megan's Law. Whereas Megan's Law required registrants to appear in-person annually, 42 Pa.C.S.A. § 9796(b) (expired December 20, 2012), SORNA requires Tier III offenders such as Appellant to report every ninety days for life and post personal information on the Pennsylvania State Police website. 42 Pa.C.S.A.

---

[6] Appellant seemingly abandoned his third issue challenging the constitutionality of Act 10, Act of February 21, 2018, P.L. 27, No. 10. Appellant's Brief at 7. In so doing, Appellant states that because he "has yet to be sentenced under Act 10, said issue is not ripe for disposition." *Id.*

§§ 9799.15(e)(3), 9799.25(a)(3); **Commonwealth v. Lippincott**, 208 A.3d 143, 148 (Pa. Super. 2019) (*en banc*).

The **Muniz** Court considered whether SORNA was unconstitutional as applied to a defendant subjected to an increased registration period under SORNA. **Muniz**, 164 A.3d at 1192-93. Muniz was convicted of indecent assault in 2007 and subject to a ten-year registration requirement pursuant to then-extant Megan's Law III (42 Pa.C.S.A. § 9795.1 *et seq.* (expired)). **Id.** at 1193. Muniz absconded prior to sentencing. In 2014, he was apprehended, sentenced, and subjected to a lifetime reporting requirement under SONRA. **Id.** Our Supreme Court held that SORNA is punitive rather than civil, and that retroactive application of SORNA to past sexual offenders violates the *ex post facto* clauses of the United States and Pennsylvania Constitution. The Court reasoned that SORNA was unconstitutional as applied to Muniz because it increased the punishment for indecent assault after he committed the offense.

Instantly, it is uncontested that Appellant committed the offenses for which he was convicted between May 2008 and January 2010, *i.e.*, prior to the enactment and effective dates of SORNA. Thus, consistent with **Muniz**, the retroactive application of SORNA to Appellant's crimes, which occurred prior to SORNA's enactment and effective dates, is unconstitutional. We remand this case to the trial court to determine the appropriate registration and reporting requirements for Appellant. Accordingly, we vacate the portion of Appellant's judgment of sentence requiring him to register and report under SORNA.

We next address Appellant's argument that he is entitled to relief under **Butler I** in connection with his SVP designation. In light of our Supreme Court's recent decision in **Commonwealth v. Butler**, ___ A.3d ___, 2020 WL 1466299 (Pa. 2020) (**Butler II**), we are constrained to disagree.

In **Butler I**, this Court concluded that, in light of our Supreme Court's decision in **Muniz**, "Section 9799.24(e)(3) of SORNA [regarding SVP designation] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Butler**, 173 A.3d at 1218. This Court's reasoning in **Butler I** was based on the United States Supreme Court's decision in **Alleyne**.

During the pendency of this appeal, on March 26, 2020, our Supreme Court reversed this Court's decision in **Butler I**. **See Butler**, ___ A.3d at ___, 2020 WL 1466299, at *1, 15-16. The Court concluded that the SVP designation—as well as the registration, notification, and counseling requirements specific to SVPs—"do not constitute criminal punishment and therefore the procedure for designating individuals as SVPs under Section 9799.24(e)(3) is not subject to the requirements of **Apprendi**[7] and **Alleyne** and remains constitutionally permissible." **Id.** at ___, 2020 WL 1466299 at *1. In other words, under **Butler II**, SVP designation is not a criminal punishment

---

[7] **Apprendi v. New Jersey**, 530 U.S. 466 (2000) (holding that any facts, other than the fact of a prior conviction, that subject a defendant to any additional penalty beyond a statutory maximum must be submitted to a jury and be found proved beyond a reasonable doubt).

and, as such, passes muster under both **Apprendi** and **Alleyne**. Thus, we cannot conclude that Appellant's SVP designation under SONRA is unconstitutional. The sole basis upon which he relies, that is **Butler I**, has been overturned expressly by our Supreme Court in **Butler II**. Accordingly, Appellant is not entitled to relief.

In sum, we affirm in part and vacate in part Appellant's judgment of sentence and remand this matter to the trial court to determine the appropriate registration and reporting requirements for Appellant.

Affirmed in part. Vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2020