J-A30009-25
J-A30010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THERESA BRESLIN | : | |
| | : | |
| Appellant | : | No. 250 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 6, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003855-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THERESA BRESLIN | : | |
| | : | |
| Appellant | : | No. 249 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 6, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007908-2016

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED MARCH 26, 2026**

Theresa Breslin appeals[1] from the judgments of sentence,[2] entered in the Court of Common Pleas of Delaware County, following revocation of her

_____

[1] We note that Breslin filed two notices of appeal and each notice contains both of the above-captioned docket numbers. However, there is a checkmark identifying the relevant trial court docket number and, thus, it is in compliance with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). *See Commonwealth v. Johnson*, 236 A.3d 1141 (Pa. Super. 2020) (en banc) (appellant complied with *Walker* by filing appropriate number of appeals and, even though each notice of appeal listed multiple docket numbers, only one docket number on each notice of appeal was italicized).

Additionally, Breslin raises the same claims in each appeal and we grant the same relief in both appeals, thus, we consolidate Breslin's appeals. *See* Pa.R.A.P. 513 ("[W]here the same question is involved in two or more appeals in different cases, [this Court] may . . . order them to be argued together in all particulars as if but a single appeal.").

[2] The trial court imposed Breslin's judgments of sentence on December 6, 2024. On December 13, 2024, Breslin filed timely post-sentence motions. *See* Pa.R.Crim.P. 708(E) (following probation revocation, post-sentence motion must be filed within 10 days). On January 10, 2025, Breslin filed the instant notices of appeal. Thus, Breslin's notices of appeal are facially untimely because Breslin was required to file her notices of appeal within 30 days of the December 6, 2024 judgment of sentence, **not** the order denying her post-sentence motions. *See* Pa.R.A.P. 903(a) (appellant has 30 days to file timely notice of appeal); *see also* Pa.R.Crim.P. 708(E) (following revocation of probation "filing of a motion to modify sentence will not toll the 30-day appeal period").

Regarding the appeal at 249 EDA 2025, the trial imposed amended judgments of sentence on December 17, 2024, and again on December 30, 2024. *See* Amended Sentencing Order, 12/17/24, at 1; Amended Sentencing Order, 12/30/24, at 1. Thus, Breslin's appeal at 249 EDA 2025 is timely because it properly lies from the amended judgment of sentence. *See Commonwealth v. Garzone*, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010) (where trial court amends judgment of sentence during period it maintains jurisdiction, direct appeal lies from amended judgment of sentence); *see also* 42 Pa.C.S.A. § 5505 (court may modify or rescind any order within 30 days after entry, if no

*(Footnote Continued Next Page)*

probation. After careful review, we vacate Breslin's judgments of sentence and remand for proceedings consistent with our full Court's recent decision, ***Commonwealth v. Seals***, --- A.3d ---, 2026 WL 472436 (Pa. Super. 2026) (en banc).

On July 5, 2017, Breslin entered into a negotiated guilty plea to theft by unlawful taking[3] at Docket Number CP-23-CR-0007908-2016, for which she

_____

appeal from such order has been taken). Accordingly, we conclude Breslin's appeal at 249 EDA 2025 is timely filed.

Regarding the appeal at 250 EDA 2025, the trial court **did not** enter any amended judgments of sentence. However, this Court has recognized that where an appellant acts upon misinformation provided by the trial court, a breakdown in court operations occurs. ***See Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) (compiling cases in which "a court breakdown occurred in instances where the trial court, . . . either failed to advise [a]ppellant of his post-sentence and appellate rights[,] or misadvised him"); ***Commonwealth v. Larkin***, 235 A.3d 350, 353 (Pa. Super. 2020) (en banc) (stating that this Court has "declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court").

Here, in 250 EDA 2025, the trial court directed Breslin's counsel to advise her of her post-sentence rights on the record. ***See*** N.T. Sentencing Hearing, 12/6/24, at 64. Sentencing counsel erroneously advised Breslin that her post-sentence motion would toll the 30-day appeal period, in direct contradiction of Rule 708(E). ***See id.*** at 65 (advising Breslin she has "30 days from the decision of the [post-sentence motion] to file an appeal . . . to the Superior Court"). Importantly, the trial court did not correct counsel's error and, thus, we consider the trial court's failure to correctly advise Breslin of her appellate rights a breakdown in court proceedings such that we may overlook her facially untimely notice of appeal. ***See Larkin***, ***supra***. Accordingly, we address the merits of Breslin's appeal.

[3] 18 Pa.C.S.A. § 3921(a).

was sentenced to an agreed-upon term of two years' probation.[4]  On February 16, 2024, Breslin entered into a negotiated guilty plea to possession of a controlled substance[5] at Docket Number CP-23-CR-0003855-2021, for which she was sentenced to an agreed-upon term of two years' probation.

In September of 2024, Breslin was serving probation at both of the above-captioned dockets.  On September 6, 2024, Breslin's Probation Officer, Sabrina Canavin, alleged that Breslin had failed to report to probation on three occasions.  A bench warrant was issued and, ultimately, the trial court conducted a *Gagnon II*[6] hearing on December 6, 2024.

Immediately after the *Gagnon II* hearing the trial court found Breslin to be in violation of her probations and immediately proceeded to sentencing, and the trial court sentenced Breslin to two to four years' incarceration for her probation violations.  Notably, at sentencing, neither party addressed 42 Pa.C.S.A. § 9771 (modification or revocation of order of probation) and whether the most recent statutory amendment applied to Breslin, or how it impacted the trial court's sentencing scheme.

_____

[4] Breslin's sentence at this docket was imposed consecutively to a third docket, which is unrelated to this appeal.  The only significance here is that the consecutive nature of that sentence resulted in Breslin still being on probation at the time of the instant technical violation on September 6, 2024, described *infra*.

[5] 35 P.S. § 780-113(a)(16).

[6] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

- 4 -

Ultimately, as summarized above, Breslin appealed and now raises sentencing challenges under section 9771(c). Most notably, Breslin contends that the trial court imposed an illegal sentence in violation of section 9771(c).

Recently, this Court, sitting en banc, concluded that a "challenge to the trial court's authority to impose a sentence pursuant to section 9771(c) is a legality of sentencing claim[.]" **See Seals**, **supra**. "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Wolfe**, 106 A.3d 800, 802 (Pa. Super. 2014) (citation omitted). Furthermore, "all provisions of the Sentencing Code amended by Act 44 apply to defendants who were sentenced or resentenced on or after June 11, 2024, and, with [the] exception of the portion of Act 44 codified at 42 Pa.C.S.[A.] § 9774.1, apply retroactively to defendants sentenced or resentenced before that date." **See Seals**, **supra**.

Section 9771 states in relevant part:

(b) The court may increase the conditions, . . . or revoke an order of probation upon proof of the violation of specified conditions of the probation. Subject to the limitations of subsections (b.1) and (c), upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. The attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

\* \* \*

(c) Limitation on sentence of total confinement.--There is a presumption against total confinement for technical violations of probation.  The following shall apply:

(1) The court may impose a sentence of total confinement upon revocation only if:

(i) the defendant has been convicted of another crime;

(ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or

(iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:

(A) The technical violation was sexual in nature.

(B) The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another, including acts committed against a family or household member.

(C) The technical violation involved possession or control of a firearm or dangerous weapon.

(D) The technical violation involved the manufacture, sale, delivery[,] or possession with the intent to manufacture, sell[,] or deliver, a controlled substance or other drug regulated under . . . [t]he Controlled Substance, Drug, Device[,] and Cosmetic Act.

(E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

(2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:

(i) For a first technical violation, a maximum period of 14 days.

(ii) For a second technical violation, a maximum period of 30 days.

(iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

(iv) The time limitations contained in this paragraph shall not apply to the extent that a reasonable term of additional total confinement, not to exceed 30 days, is necessary to allow a defendant to either be evaluated for or to participate in:

(A) a court-ordered drug, alcohol[,] or mental health treatment program; or

(B) a problem-solving court provided for in section 916 (relating to problem-solving courts).

(3) Nothing in this section shall prevent the adoption of a program [to establish swift,

predictable, and brief probation violation sanctions] under section 9771.1.

42 Pa.C.S.A. §§ 9771(b), (c).

Further, the Court en banc held that trial courts, in revoking probation and imposing a new sentence are required by section 9771 to make specific findings set forth in Act 44. *See Seals*, *supra*; *see also* Act of Dec. 14, 2023, P.L. 381, No. 44 (effective June 11, 2024) (amending sentencing code). Absent those findings, the trial court is **prohibited** from sentencing a defendant beyond the maximum sentences for probation set forth in section 9771(c).

Instantly, the trial court imposed sentences of total confinement at both dockets, based upon at least one technical violation.[7] However, the record before us is devoid of any of the required findings under section 9771(c) and it is clear that the parties **and** the trial court were under the mistaken belief that the only statute at issue was 42 Pa.C.S.A. § 9721(b). In light of *Seals*, section 9771 undeniably applies to Breslin. *See Seals*, *supra*. Thus, in accordance with the recent decision in *Seals*, we vacate Breslin's judgments of sentence and remand for further proceedings consistent with this memorandum and our Court's decision in *Seals*.

Judgments of sentence vacated. Cases remanded. Jurisdiction relinquished.

---

[7] There is nothing in the record to indicate how many technical violations the trial court found. All we can surmise is that the entire probation revocation proceedings were premised upon Breslin's failure to report to probation.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2026